Rockingham, ⎱
  Oct. 4, 1904. ⎰

## KENNEY v. HAMPTON.

An exception to evidence is unavailing if not taken until the objectionable testimony has been elicited by several interrogatories.

Evidence of previous habit is admissible to prove subsequent conduct.

CASE, for negligence. Trial by jury and verdict for the defendants. Transferred from the October term, 1903, of the superior court by *Pike*, J.

June 15, 1901, the plaintiff, while riding a bicycle along a highway in Hampton, ran into an open culvert, the sides of which it was claimed formed a dangerous embankment, and was injured. One defence was contributory negligence; and in the trial of this issue, the defendants sought to show that at the time of the accident the plaintiff was riding upon the sidewalk. This the plaintiff denied. Marston, a witness for the defendants, testified that he had seen the plaintiff at times before the accident riding on the sidewalk at different places in Hampton, as well as near the place of the accident. After this testimony had been given in answer to several interrogatories, the plaintiff's counsel stated that they excepted to it. Lane, a witness for the defendants, testified that on the day of the accident she was looking from her

house in the direction of the place of the accident, that she saw the plaintiff riding a bicycle on the sidewalk, and that she had seen her there before. She also testified subject to exception, as follows: "I have seen her riding several times on the sidewalk. In fact, I cannot remember of seeing her anywhere else but on the sidewalk." *Q.* "Whereabouts?" *A.* "From my house up." *Q.* "Go by on the same ground you saw her on the 15th day of June, 1901?" *A.* "Same ground; yes, sir."

*Page & Bartlett* and *Ernest L. Guptill*, for the plaintiff.

*Eastman & Hollis*, for the defendants.

WALKER, J. The first exception was not seasonably taken, and whatever objection there might be to the evidence was waived. The second exception is unavailing, because it is a natural inference from the testimony that whenever the witness had seen the plaintiff riding on the sidewalk it was in the vicinity of the place of the accident. And it is not open to serious doubt that the previous habit of the plaintiff to ride her bicycle on the sidewalk near the place of the accident was competent evidence that at that time she was occupying that part of the highway. *State* v. *Railroad*, 52 N. H. 528, 549; *Proctor* v. *Freezer Co.*, 70 N. H. 3.

*Exceptions overruled.*

All concurred.