Rockingham, }
Feb. 6, 1923. }

### STATE v. ARTHUR KARVELOS.

In criminal as well as in civil cases an objection which if made at the time can be cured will be considered as waived, if not seasonably taken, though it may be that in order to prevent manifest injustice the court would have power to disregard this rule.

A charge defining manslaughter in the second degree under P. S., c. 278, s. 8, to which no exception was taken, cannot be attacked in the supreme court on the ground that "culpable negligence" is something more than the failure to exercise due care.

INDICTMENT, for manslaughter in the second degree. Trial by jury and verdict of guilty.

The court charged the jury in substance that the central question was whether there was carelessness on the respondent's part which resulted in the decedent's death; that the respondent owed the duty to use care for the safety and protection of the decedent and that if by his failure to use such care the decedent sustained fatal injuries the respondent was guilty; that the state claimed that the respondent in a negligent manner and with great force and speed so operated his automobile that it was overturned, the decedent thereby receiving fatal injury; that due care is such care as men in general would exercise for the safety and protection of others in their charge, under the circumstances of the occasion, and that the failure to use such care is negligence; and that if the jury were satisfied beyond a reasonable doubt that there was carelessness on the respondent's part which resulted in the decedent's death, then they should find the respondent guilty.

The respondent excepted to the statement that the central question in the case was that of negligence and to the direction of the jury to the question of negligence as determinative of the case. No exception was taken to the definition of negligence given the jury. Transferred by *Allen*, J., from the October term, 1921, of the superior court upon the foregoing exception.

*Oscar L. Young*, attorney-general, and *Jeremy R. Waldron*, solicitor (*Mr. Waldron* orally), for the state.

*Banigan & Banigan* and *Doyle & Doyle* (*Mr. Paul J. Doyle* orally), for the respondent.

PARSONS, C. J. "Every killing of one human being by the act, procurement, or culpable negligence of another, which is not murder, nor excusable nor justifiable homicide, nor manslaughter of the first degree, is manslaughter of the second degree." P. S., c. 278, s. 8.

As the charge of the state was that the negligent operation of the respondent's automobile caused the death which was the foundation of the indictment, it is obvious that the central and determining question in the case was whether the automobile was so operated. If under the statute the state could have claimed a conviction on other ground no such claim was made. There was no error in directing the attention of the jury to the question upon which the state claimed a conviction and in describing it as the central question in the case. Upon oral argument respondent's counsel conceded there was no merit in the exception as taken. The attention of the presiding justice was in no way called to the question now sought to be argued whether "culpable" negligence is not something more than the failure to exercise due care. At the trial no objection was made to the definition of negligence given and no request was made which would raise the objection now urged against the charge. The presiding judge may transfer a question as to which no exception is taken (*State* v. *Sawtelle*, 66 N. H. 488, 503), but it is clear he had no intention to do so in this case. The transfer is of "the foregoing exception" only. That exception is conceded to be without foundation and must be overruled. The orderly conduct of trials in criminal as well as in civil cases requires that an objection which can be cured if made at the time should be considered as waived if not seasonably taken. *State* v. *Wren*, 77 N. H. 361, 363. It may be that in order to prevent manifest injustice the court would have power to disregard the rule in a criminal or even in a civil case. *Dow* v. *Latham, ante*, 492.

In *State* v. *Foster, ante*, 1, 6, the defendant was permitted upon a motion for rehearing in this court to question the constitutionality of the statute under which he was convicted, an objection which had not been taken in the superior court or at the original hearing here. Aside from the importance of the question suggested as a constitutional one, the objection was fundamental. It did not involve error in the trial merely. Its decision either way ended the controversy. There is nothing in the present case to sustain the conclusion that to do justice unusual procedure is necessary. The verdict of the jury establishes that the death was caused by the respondent

and that the killing was not an accident merely, but that the respondent was blamable therefor.

The character of his fault can be considered in awarding sentence which under the statute may be merely nominal.  P. S., *c.* 278, *s.* 10.

*Exception overruled.*

YOUNG, J., was absent: the others concurred.