Merrimack,
Jan. 5, 1926.

### STATE v. LEO A. ROACH.

On a trial for murder, the only issue being that of identity, testimony by one who has been convicted of participation in the crime as to conversations with his companion, who actually committed the murder, but whom he refuses to identify as the defendant, are not objectionable as being declarations of a supposed coconspirator, the conspiracy not having been proved. It is direct testimony to conversation with one who was identified as the defendant by other testimony, and stands no differently than would testimony of a third party who had overheard the conversation.

The convicted party to the crime, being called by the state, and being manifestly hostile, and refusing fully to identify the defendant, was properly cross-examined by the state's attorney regarding his efforts to conceal the identity of his companion, and his declaration that he would do so.

How far experiments shall be conducted in the cross-examination of an expert witness is a matter to be finally decided by the trial court.

Records kept in the usual course of business are not necessarily to be proved by the testimony of the person making them.

Proof of the date of a person's birth by a copy of the baptismal record of a church is properly excluded in the absence of proof of the requirements or custom of the church where the record was made.

INDICTMENT, for murder. Trial by jury and verdict of guilty.

A bill of exceptions was allowed by *Branch*, C. J. The facts are stated in the opinion.

*Jeremy R. Waldron,* attorney-general, and *Herbert W. Rainie,* solicitor (*Mr. Rainie* orally), for the state.

*Nathaniel E. Martin* and *Alfred W. Levensaler* (*Mr. Levensaler* orally), for the defendant.

PEASLEE, C. J. In the trial of this case the sole issue was one of identity. The crime was committed while one Henning and another man were attempting to secure an automobile from one Atkins, who was shot and killed by Henning's associate. The exceptions relate chiefly to the admission and exclusion of evidence.

Henning was permitted to testify to conversations with his companion in the crime, in which an arrangement was made concerning a recovery of the car and a division of the proceeds. Objection being made, the attorney-general stated that the claim was that the defendant was Henning's companion. Evidence was introduced later tending to establish that fact. The exception is argued upon the hypothesis that the evidence was the declaration of a coconspirator, and not admissible in the absence of proof of the conspiracy. The evidence is not of that class. It is positive testimony to a conversation in which the defendant had a part. It stands no differently than would the testimony of a third party who had overheard the talk.

Before the trial Henning had pleaded and been sentenced to state prison. He was called as a witness by the state, and was manifestly hostile. The state's request for permission to cross-examine him was granted. He refused, in the main, to identify the defendant; but, with evident reluctance, testified to some facts tending to show that the defendant was his companion in the crime. Subject to exception the state cross-examined him as to his efforts to conceal the identity of his companion and his declarations that he would do so. The evidence was plainly competent as tending to contradict or destroy the value of his positive assertions that he could not identify the defendant. 2 Wig. Ev., s. 903. The permission to cross-examine the witness as hostile carried with it leave to weaken or nullify his adverse testimony by the means which are usually recognized as proper cross-examinations. In so far as the evidence objected to was of an impeaching character, the question of permitting its use was one of fact to be decided by the justice presiding at the trial. *Dow* v. *Dow,* 77 N. H. 150, and cases cited.

The evidence that Henning saw a telegram or a copy of a telegram

addressed to A. W. Marston, came to nothing. Its application to the case in hand was excluded upon objection by the defendant. If there was error in permitting the witness to testify without producing or accounting for the document in question, it was harmless and affords no ground for setting aside the verdict. The object in view was to lead up to an identification of the signature on the telegraph company's record of delivery, and that evidence was produced later in proper form and without objection.

One question in the case was whether the defendant wrote a signature (not his own name) upon a hotel register. An expert in handwriting was called by the state and gave the opinion that the writing was that of the defendant. Upon cross-examination, counsel made two Ms upon the blackboard and inquired of the witness if they were or were not similar. The further inquiry, whether if the two were brought to him with no information as to who made them he would say they were written by the same hand, was excluded subject to exception.

The offer was in the nature of an experiment performed in the presence of the jury. They were shown, apparently, that it was possible for one person to disguise his handwriting skillfully; and the proposition was to try out the witness and see how he would apply his expert knowledge to that situation. Whether this should or should not be permitted was a matter to be finally decided by the presiding justice.

This is the rule adopted as to the use of text-book authorities in the cross-examination of an expert: "No fact which tends directly to qualify or discredit the opinion given by the witness can be held to be inadmissible on his cross-examination, as matter of law. The whole field of hearsay knowledge upon the subject is open to investigation because of the nature of the opinion which has been received. How far this field can profitably be explored in a given case, is a matter to be determined by the justice who presides at the trial. His conclusion one way or the other is one of fact, and therefore not reviewable here." *Laird* v. *Railroad*, 80 N. H. 377, 379. The same theory is applicable here, and no exception lies to the ruling made.

There is no foundation for the claim that the discretionary power of the court was not properly exercised as to this matter. The record shows that counsel were permitted to proceed without limitation in testing the witness's capability and fairness, by requiring comparisons between specimens which were material to the main facts in issue. Attention of the jury was especially called to these exhibits from

time to time as the cross-examination progressed. In such a situation the exclusion of similar examination, by the use of specimens not otherwise in the case or material to it, was not unreasonable. "The good sense of the trial judge will confine it within proper bounds, and prevent an unnecessary consumption of time." *Hoag* v. *Wright*, 174 N. Y. 36.

Records of presence and absence of an employee of the New England Telephone and Telegraph Company in the Boston exchange were produced by the official having them in charge and were thus far put in evidence without objection. Further inquiry being made as to the reason assigned for the absence, objection was made that "they can't prove any records by this gentleman." It was ruled that they could be so proved, as they were records kept in the usual course of business. The defendant excepted. Thereupon the question which precipitated the discussion was excluded, and no further evidence from the record was put in.

The ruling was correct. The records could be proved by that witness. Whether proper foundation had been laid for the admission of his testimony as to the course of business and the verity of the record, was a matter not discussed or presented to the court for consideration. The defendant stood upon the proposition that since the witness did not make the record it could not be proved by him. This is not the law. *Roberts* v. *Company*, 78 N. H. 491.

There was no request to strike out the evidence that had been received without objection. If counsel desired to raise a belated question as to its admissibility, he should have moved that it be withdrawn from the consideration of the jury. Permitting the evidence to go in without objection was a waiver of the defendant's right to complain of its admission. *Kenny* v. *Hampton*, 73 N. H. 45.

The date of the defendant's birthday — whether April 9 or 10 — was a material question in the case. The public record of birth, in Boston, gave the date as April 9, and was put in evidence by the state. The defendant's offer of proof by his mother of "the church registration of his baptism" — apparently by what she said was a copy of the church record — was excluded, subject to exception. There is much conflict of authority as to the use of such evidence. The cases are reviewed in 3 Wig. Ev., s. 1646. If it be assumed that the most liberal rule of admission should be applied the offer was not sufficient. There was no offer to show either the requirements or the custom of the church where the record was made. *Dillon* v. *Heller*, 99 N. J. L. 68.

Sheets from hotel registers in Concord showing registrations by two men under the names of Marston and Riley, at the time of the crime, were put in evidence subject to exception. Henning was identified as the one who signed as Marston. Later in the trial a handwriting expert testified that the signature of Riley was written by the defendant. No arguable objection to the evidence excepted to is apparent.

Exceptions to rulings upon argument relate to statements of the evidence by the attorney-general in his closing address to the jury. An examination of the record shows that the claims of counsel find support in the evidence; and while there are some departures from verbal accuracy (as of the amount of money inherited by the defendant's wife) yet these in no way affect the substance of the argument legitimately urged upon the jury. These exceptions are therefore overruled. *State* v. *Foster*, 80 N. H. 1.

Other exceptions stated in the record have not been insisted upon in argument and are understood to be waived.

*Exceptions overruled.*

All concurred.