Belknap,
Feb. 16, 1939. } No. 3058.

STATE *v.* HOWARD LONG.

*Thomas P. Cheney*, Attorney-General, and *Harold E. Wescott*, County Solicitor (*Mr. Cheney* orally), for the State.

*John S. Hurley* and *William W. Keller* (*Mr. Hurley* orally), for the defendant.

MARBLE, J.   Although no definite time for the filing of a bill of exceptions was fixed by the Presiding Justice or any request therefor made by the State, the strategy of defendant's counsel in delaying

action until a stay of execution was imperative cannot be commended. It is unnecessary, however, to consider counsel's contention that their bill of exceptions was seasonably filed within the meaning of Rule 66 of the Superior Court (78 N. H. 688, 699).

The so-called confessions (two in number) were admitted in evidence "as tending to show" that the defendant "caused the death of Mark Neville Jensen." But the commission of the physical act of killing was conceded by the defendant's plea of not guilty by reason of insanity. Unlike the situation in *State* v. *Bartlett*, 43 N. H. 224, where the defense "in part" was monomania (see *Burke* v. *Allen*, 29 N. H. 106, 120), the plea did not put in issue all the allegations of the indictment but was in the nature of a plea of confession and avoidance (1 Wharton, Crim. Law, (12th *ed.*), *s.* 75), which empowered the Presiding Justice, in case the plea was accepted by the State, to commit the defendant to the State Hospital or to prison without a trial (P. L., *c.* 369, *ss.* 2, 3). In short, the material issue being that of criminal intent (*State* v. *Jones*, 50 N. H. 369, 382), the defendant's confession that he committed the physical act alleged is immaterial, and the admission of the confessions in evidence would appear to be harmless error. *Fitch Co.* v. *Insurance Co.*, 82 N. H. 318, 320, 321.

Assuming, however, that the State was obliged to prove each element of the offense charged in the indictment, it would still be necessary to overrule the defendant's exception to the admission of the evidence in question.

The defendant in his first confession, so designated, stated that his automobile accidentally swayed and struck the boy as he was walking along the road. It was an exculpatory statement, denying guilt, and the rules governing the introduction and exclusion of confessions are therefore inapplicable. 2 Wig., Ev. (2d *ed.*), *s.* 821.

Before the stenographer took the so-called second confession, which was far from an unqualified admission of guilt, the Attorney-General said to the defendant: "I am the Attorney-General, and you don't have to talk to me a minute. Anything you say can be used against you. Now do you want to tell me the truth?" The preliminary finding of the Presiding Justice that the defendant "had been sufficiently warned of his rights" and that the confession was not obtained by threats on the part of the police is based on adequate evidence. The exception thereto presents no question of law. *State* v. *Squires*, 48 N. H. 364, 369, 370; *State* v. *Pike*, 49 N. H. 399, 407; *Dunklee* v. *Prior*, 80 N. H. 270, 272.

That the defendant could not have been prejudiced by the intro-

duction of the so-called confessions appears from the fact (shown without objection) that while he was in the custody of the superintendent of the State Hospital for observation he freely admitted the killing of the boy and described his act definitely and in detail.

Conceding that the bill of exceptions was seasonably filed, the questions thereby raised are resolved in favor of the State.

The medical expert who testified in the defendant's behalf had not examined him. Hence the newly discovered evidence is not cumulative. *Watkins* v. *Railroad*, 80 N. H. 468, 477. The finding that this evidence could have been obtained before the trial if reasonable diligence had been used is not decisive of the defendant's rights, since in capital cases the strict rules of procedure applicable to ordinary trials should yield to "broad principles of equity and justice." *Palmer* v. *State*, 65 N. H. 221, 222. See, also, *Buzzell* v. *State*, 59 N. H. 61; *State* v. *Wren*, 77 N. H. 361, 366. And while the questions of fact involved in an application for a new trial are usually held to be entirely within the jurisdiction of the trial judge (*McGinley* v. *Railroad*, 79 N. H. 320, 322; *Jackson* v. *Smart*, 89 N. H. 174), it is always the duty of this court to determine as a matter of law whether the evidence on which the trial justice has based his findings is such that those findings can reasonably be made. *State* v. *Wren*, 77 N. H. 361, 366.

The moving party in a motion of this kind is generally required to present to the trial court the best evidence obtainable in support of the allegations of the motion. *Huey* v. *Company*, 81 N. H. 103, and cases cited. This the defendant's attorneys have endeavored to do, but the court has denied their request for the issuance of process to compel the attendance of the witnesses and has disposed of the motion on the assumption that the allegations it contains are true. We hesitate to hold that this sweeping concession as to the opinions of the numerous physicians whose testimony the defendant desires to produce can form a proper basis for the finding that no different result would probably be reached if a new trial were granted.

"Before a trial judge takes a case from the jury on an opening statement or excludes an offer of proof he ought to ascertain definitely if the statement or offer embraces the entire proof." *Cavanaugh &c. Inc.* v. *Barnard*, 83 N. H. 370, 373. An analogous situation here exists. No inquiry was made as to the extent or details of the newly discovered evidence, and no precise information concerning it can be obtained unless the defendant's petition for the issuance of process is granted. The exception to the denial of the petition is therefore sustained.

If, on hearing the witnesses, the Presiding Justice finds that in a new trial, properly limited to the single issue of criminal intent, a different verdict will probably be rendered, either as to the defendant's guilt or punishment, a new trial should be granted. If a contrary finding is made, and no exception thereto is transferred for the consideration of this court, the sentence should be executed. The present order is

*Execution stayed: case remanded.*

All concurred.

.*Thomas P. Cheney,* Attorney-General, and *Harold E. Wescott,* County Solicitor (*Mr. Cheney* orally), for the State.

*John S. Hurley* and *William W. Keller* (*Mr. Hurley* orally), for the defendant.

*Per Curiam.* An examination of the record discloses abundant evidence on which the decision of the trial court could reasonably be made. See *State* v. *Wren,* 77 N. H. 361, 367. The order must therefore be

*Exceptions overruled.*

June 1, 1939.