Cheshire,
March 4, 1941.} No. 3186.

STATE *v.* JOHN PROCTOR.

*Frank R. Kenison,* Attorney-General, and *Dixon H. Turcott,* by brief, for the State.

*Faulkner & Bell,* for the defendant, furnished no brief.

*Per Curiam.* I. The motion to set aside the verdict as against the law and the evidence presented no question not saved by special exceptions taken seasonably during the trial (*Shea* v. *Manchester,* 89 N. H. 547, 549, and cases cited). As no such exceptions, with a

possible qualification hereinafter mentioned, are reserved, the law of the trial became final. On the ground that the verdict was against the weight of the evidence, the trial court's finding that inadequacy of weight was not proved is to be upheld if it is sustainable. *Wisutskie* v. *Malouin*, 88 N. H. 242, 246. Examination of the evidence does not require the conclusion of inadequate weight.

II. The court inquired of a witness for the State why seasonable reports from an employer were required to be furnished. The commissioner administering the act is empowered by it (*s.* 45) to require reports deemed by him necessary for effective administration of the act. It was therefore proper to show that the order for reports from the defendant was one which might be regarded to be of reasonable service in enforcement of the act. Abuse of the court's discretion in making the inquiry is not a required conclusion. *State* v. *Davis*, 83 N. H. 435, 436.

III. In argument for the defendant it was asserted that because he considered the act unwise, because he was unable to contribute to the fund, the State sought that "he should be branded a criminal, and on top of it all, they attach his insurance money." On objection to the remark about an attachment, the court instructed the jury that it might be considered only "to show what the State has done to collect what is due." The instruction was sufficiently favorable to the defendant. The evidence that a civil suit had been brought by the State had no bearing to indicate the defendant's innocence or weakness in proof of his guilt.

IV. Respecting the motion for a directed verdict, the court is equally divided upon the question whether the ground assigned for it may be considered in view of the failure either to move to quash the information or to demur to it, seasonably before the trial.

*Exceptions overruled.*