Hillsborough, } No. 3716.
Apr. 6, 1948. }

STATE *v.* LEO P. LANGELIER.

*Ernest R. D'Amours,* Attorney General, *Gordon M. Tiffany,* Assistant Attorney General and *William H. Craig,* County Solicitor (*Mr. Tiffany* orally), for the State.

*J. Leonard Sweeney, Robert J. Doyle* and *John D. McLaughlin* (*Mr. Doyle* orally), for the defendant.

JOHNSTON, J. No question is raised concerning the seasonableness of the motion to quash and no opinion is expressed concerning this in view of the ruling that the indictment meets the constitutional requirements. See, *State* v. *Proctor*, 91 N. H. 347, 348.

Article 15th of the Bill of Rights of the Constitution of New Hampshire provides: "No subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him; . . . " The test for determining whether an indictment conforms to this requirement was set forth in *State* v. *Rousten*, 84 N. H. 140, 143 as follows: "In the light of modern conditions any complaint or indictment should be considered adequate if it informs the defendant 'of the nature and cause of the accusation with sufficient definiteness' so that he can prepare for trial."

*State* v. *Gilbert*, 89 N. H. 134, 136, held that the charge of the crime now under consideration; namely, reckless operation of a motor vehicle resulting in death, should contain allegations of "definite overt acts." The present indictment states not merely the conclusion of reckless driving in the statutory language but also the conduct of failure to have and to keep the motor vehicle under proper control and driving to the west side and then to the east side of said Warren Street so that certain children on the sidewalk on the east side of said street were struck and fatally injured. The defendant knows what issues he has to meet before the jury.

The defendant's motion relating to the view is understood to mean that the jurors take turns in sitting in the driver's seat and the seat to the right of it where a companion of the defendant was when the accident occurred. The Court denied this in its discretion. Regardless of whether the conduct called for by the motion be designated an experiment or not, the denial of the motion was discretionary with the Court. R. L., *c.* 395, *s.* 21. It cannot be said that in this refusal the Court acted as no reasonable person would and accordingly this exception also is overruled. This does not mean that another judge with a new jury must or must not rule on a similar motion in the same way.

*Exceptions overruled.*

All concurred.