Merrimack
No. 7074

STATE OF NEW HAMPSHIRE

v.

GERALD TASCHLER

April 30, 1976

*David H. Souter,* attorney general, and *Edward N. Damon,* attorney, *(Mr. Damon* orally), for the State.

*McSwiney, Jones & Semple (Mr. Paul C. Semple* orally) for the defendant.

PER CURIAM.    The defendant was indicted for assault with intent to kill and murder. At trial, he was found guilty of the lesser included offense of aggravated assault. All questions of law raised by exceptions were reserved and transferred by *Keller,* C.J.

On the night of October 6, 1973, and in the early morning hours of October 7, 1973, the defendant had been a patron at a local drinking establishment in Penacook called The Buggy Barn. The defendant left the tavern to move his car, a blue station wagon, off the street and into a nearby parking lot. Officer John Reilly of the Concord Police Department, while patrolling the area, noted the defendant's car as it made a U-turn and passed him at a high rate of speed. Officer Reilly followed the defendant into a bank parking lot and requested his license and registration. When asked if he had a driver's license the defendant answered affirmatively, but a radio check revealed that the defendant did not have a New Hampshire driver's license.

The defendant was asked to perform several field sobriety tests. Although he performed satisfactorily, he was placed under arrest for driving while under the influence and operating without a license. After a pat-down search, the defendant was requested to enter the back seat of the cruiser. A fight ensued in which Officer Reilly was struck in the face by the buckle of the defendant's belt and effectively pummeled by the butt of his own police revolver.

The defendant challenges the constitutionality of RSA ch. 500-A

(Supp. 1975) alleging that it fails to afford the defendant a procedure to assure that the panels of grand jurors and petit jurors are drawn impartially from a cross-section of the community. We have consistently upheld the constitutionality of our statutory jury selection process. *State v. Greely,* 115 N.H. 461, 344 A.2d 12 (1975); *State v. Fleury,* 114 N.H. 325, 321 A.2d 108 (1974); *State v. Thomson,* 109 N.H. 205, 247 A.2d 179 (1968).

The defendant next argues that the court should have granted the motion for a mistrial after Officer Reilly made allegedly prejudicial statements before the jury. The statement in question is as follows: "I asked him if he had been in trouble with the police in other areas. He said he had. I think he said either Laconia or Loudon. I asked him what the trouble was. He said . . . ." At this point, the court on its own motion prevented further testimony. Prior to trial, an agreement had been reached between counsel for the defense and counsel for the State that such testimony of the defendant's prior difficulties with the police would not be repeated before the jury, and it is unfortunate that the State failed to instruct its witness to avoid such testimony.

By preventing further testimony on this subject, however, the court insured that the defendant's prior conviction for assault on a police officer never came before the jury. In fact, there was never any indication as to the nature of the trouble that the defendant had previously had with the police. Further, the State was willing to have the court issue a cautionary instruction to the jury to minimize any prejudice, but the defense refused the offer of such instructions. Under these circumstances, we cannot say that the court erred in denying the defendant's motion for a mistrial. *State v. Booton,* 114 N.H. 750, 757, 329 A.2d 376, 382 (1974).

The testimony of Officer Reilly, although containing some inconsistency, cannot be said to be so unreliable as to require the granting of defendant's motion for a directed verdict. 114 N.H. at 763, 329 A.2d at 385.

Defendant contends that RSA 651:45 III (Supp. 1975) deprives him of the equal protection of the law. That section provides that, except for persons convicted of murder or manslaughter in the first degree, prisoners serving pre-Code minimum sentences in excess of the longest minimum sentence which could be imposed under the Code for a Class A felony under RSA 651:2 (7½ years) shall, for the purpose of parole eligibility only, be governed by the lesser minimum. He argues that since his minimum is five years he receives no reduction on his minimum and since those with a

minimum in excess of 7½ years do receive a reduction, this is arbitrary discrimination.

Defendant's claim is without foundation. The legislature has not undertaken an overall reduction in minimum sentences for the purpose of parole eligibility from which defendant has been excluded. Even if this were so, the failure to include persons in defendant's class does not violate equal protection. *Geduldig v. Aiello,* 417 U.S. 484 (1974). Rather, what the legislature has done is make a determination that 7½ years is as long as any person should remain ineligible for parole unless convicted of murder or manslaughter in the first degree. If this is a classification, it is a rational one based on a policy determination applicable to all, and no rights of the defendant are violated.

The remaining issues raised by the defendant were waived at trial by failure to make timely objections. *State v. Blake,* 113 N.H. 115, 120, 305 A.2d 300, 304 (1973); *State v. Grierson,* 96 N.H. 36, 41-42, 69 A.2d 851, 855-56 (1949); *State v. Roach,* 82 N.H. 189, 192, 131 A. 606, 608 (1926); *Kenney v. Hampton,* 73 N.H. 45, 46, 58 A. 1046, 1047 (1904). "The orderly conduct of trials in criminal as well as in civil cases requires that an objection which can be cured if made at the time should be considered as waived if not seasonably taken." *State v. Karvelos,* 80 N.H. 528, 529, 120 A. 263, 264 (1923). *See also State v. Lemire,* 115 N.H. 526, 534, 345 A.2d 906, 912 (1975); *State v. Proctor,* 91 N.H. 347, 348, 18 A.2d 753, 754 (1941).

*Exceptions overruled.*