Robert BREEST, Petitioner, Appellant,

v.

Everett I. PERRIN, Jr., Warden, New Hampshire State Prison, et al., Respondents, Appellees.

Frederick J. MARTINEAU, Petitioner, Appellant,

v.

Richard T. McCARTHY, etc., Respondents, Appellees.

Nos. 80–1635, 80–1639.

United States Court of Appeals, First Circuit.

Argued June 3, 1981.

Decided July 1, 1981.

Jeanne Baker, Cambridge, Mass., by appointment of the Court, with whom William J. Genego, and Baker & Fine, Cambridge, Mass., were on brief, for petitioner, appellant Robert Breest.

Dorian Bowman, Cambridge, Mass., by appointment of the Court, with whom Bowman & Bowman, Cambridge, Mass., was on brief, for petitioner, appellant Frederick Martineau.

Paul W. Hodes, Asst. Atty. Gen., Crim. Justice Div., with whom Gregory H. Smith, Atty. Gen., Concord, N. H., was on brief, for respondents, appellees.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, and MAZZONE, District Judge.*

COFFIN, Chief Judge.

The question is whether the district court correctly refused to hear the merits of these petitioners' habeas corpus claims because they had not shown "cause" within the meaning of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), for failing to comply with a New Hampshire court's proper application of its contemporaneous objection rule.

I

Petitioner Breest was convicted of first degree murder and sentenced to life imprisonment in New Hampshire in 1973. His conviction and sentence were affirmed on appeal. *State v. Breest*, 116 N.H. 734, 367 A.2d 1320 (1976). He unsuccessfully filed two separate habeas petitions, the dismissal of the most recent of which we affirmed in *Breest v. Perrin*, 624 F.2d 1112 (1st Cir.), *cert. denied*, 449 U.S. 1020, 101 S.Ct. 585, 66 L.Ed.2d 481 (1980). The facts of Breest's murder conviction are set forth in our opinion in that case.

Petitioner Martineau was convicted of first degree murder and sentenced to death in New Hampshire in 1959, together with a co-defendant Russell Nelson. These convictions were affirmed in *State v. Nelson*, 103 N.H. 478, 175 A.2d 814 (1961), *cert. denied*, 369 U.S. 879, 82 S.Ct. 1153, 8 L.Ed.2d 283 (1962). After *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), was decided, the defendants moved for a new trial. The denial of this motion was upheld in *State v. Nelson*, 105 N.H. 184, 196 A.2d

52 (1963), *cert. denied*, 377 U.S. 1001, 84 S.Ct. 1936, 12 L.Ed.2d 1050 (1964), which recounts the factual setting for Martineau's conviction. Martineau's capital sentence was reduced to life imprisonment in 1972. *State v. Martineau*, 112 N.H. 278, 293 A.2d 766 (1972). He currently is on parole.

We invalidated a New Hampshire jury instruction because its reasonable doubt instruction was constitutionally infirm. *Dunn v. Perrin*, 570 F.2d 21 (1st Cir.), *cert. denied*, 437 U.S. 910, 98 S.Ct. 3102, 57 L.Ed.2d 1141 (1978). Breest and Martineau subsequently sought habeas corpus relief on the basis that they had been convicted under substantially identical instructions. The New Hampshire Supreme Court refused to hear the merits of their claims because neither defendant had objection to the instruction at trial, and thus both had failed to preserve the point under state law. *Martineau v. Perrin*, 119 N.H. 529, 404 A.2d 1100 (1979). The federal district court likewise refused to entertain the merits of the claims under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *Breest v. Perrin*, 495 F.Supp. 287 (1980). We affirm.

II

 Petitioners first contend that we must proceed immediately to the merits of their constitutional complaints about their jury instructions because New Hampshire's enforcement of its contemporaneous objection rule did not constitute an "independent and adequate ground" for the state decision here.[1] We think New Hampshire's procedural bar was "adequate", however, for the reason that petitioners had fair and timely notice of the true nature of New Hampshire's procedural demands. Like many jurisdictions, New Hampshire generally requires that criminal defendants object at

---

* Of the District of Massachusetts, sitting by designation.

1. This is an issue that must be considered before deciding the effect of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594

(1977). *See id.* at 86–87, 97 S.Ct. at 2506 (first deciding that the asserted procedural bar did indeed amount to "an independent and adequate state procedural ground").

trial if they are to save issues for review.[2] *E. g., State v. Cass,* 121 N.H. ——, 427 A. 2d 1 (1981); *Moore v. Ross,* 11 N.H. 547 (1841). This requirement is simple and was clearly established at the times of petitioners' trials. Petitioners do not argue otherwise. There thus could have been no unfair surprise or disappointment of justified expectations when the state adhered to its normal policy in *Martineau v. Perrin,* 119 N.H. 529, 404 A.2d 1100 (1979).[3] This contrasts with cases in which the Supreme Court has held a state ground "inadequate" because it foreclosed the opportunity to present a federal issue on the basis of either a new rule applied without notice or a purportedly old rule applied in a surprisingly harsh or unexpectedly different manner. *See, e. g., NAACP v. Alabama ex rel. Flowers,* 377 U.S. 288, 296–301, 84 S.Ct. 1302, 1307–1310, 12 L.Ed.2d 325 (1964); *Wright v. Georgia,* 373 U.S. 284, 289–91, 83 S.Ct. 1240, 1243–1245, 10 L.Ed.2d 349 (1963); *NAACP v. Alabama ex rel. Patterson,* 357 U.S. 449, 454–58, 78 S.Ct. 1163, 1167–1169, 2 L.Ed.2d 1148 (1958); Hill, *The Inadequate State Ground,* 65 Colum.L.Rev. 943, 953–71 (1965).

■ It is argued that New Hampshire's contemporaneous objection policy serves no "legitimate state interest" and so is invalid under *Henry v. Mississippi,* 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965). In *Henry,* however, the Court *did* find that Mississippi's contemporaneous objection rule clearly "does serve a legitimate state interest" but that there the interest was "substantially served by petitioner's motion at the close of State's evidence asking for a directed verdict." *Id.* at 448, 85 S.Ct. at 567. Here petitioners took no action to bring their concerns to the attention of the trial court

in a manner "substantially" similar to contemporaneous objection. *Henry* thus is not applicable.

Finally, petitioners claim that New Hampshire "arbitrarily" denied them the benefit of the recognized exception to the contemporaneous objection rule that the state applied in *State v. Nelson,* 105 N.H. 184, 196 A.2d 52 (1963), the case in which Martineau (and his co-defendant) moved for a new trial after the decision in *Mapp v. Ohio* and argued issues not previously raised at trial or on direct appeal. The *Nelson* court stated that it would consider the merits of these issues in view of two factors: (1) the gravity of the charges involved, citing *State v. Long,* 90 N.H. 103, 107, 4 A.2d 865 (1939) ("in *capital* cases the strict rules of procedure applicable to ordinary trial should yield to broad principles of equity and justice") (emphasis added and quotations omitted), and (2) the futility of the evidentiary objection then at issue prior to the decision in *Mapp,* 105 N.H. at 190, 196 A.2d at 57.

■ Assuming for the sake of argument that a state's occasional and arbitrary grant of *relief* from procedural requirements—when so clearly discretionary as to give no cause for reasonable reliance by litigants upon its exercise—can invalidate an otherwise adequate state ground on habeas corpus review, there was no arbitrary denial by New Hampshire of its *Nelson* exception to the contemporaneous objection rule. Petitioners fail to establish that they meet either of *Nelson's* two requirements. First, neither Martineau nor Breest presently face the death sentence. It is understandable that New Hampshire would confine its *Nel-*

---

2. Unlike the federal courts, *see* Fed.R.Civ.Proc. 46; Fed.R.Crim.Proc. 51; New Hampshire also has preserved the older common law requirement of exceptions to some degree. *See State v. Boisvert,* 119 N.H. 174, 400 A.2d 48 (1979); *Barton v. City of Manchester,* 110 N.H. 494, 272 A.2d 612 (1970). *See generally* 1 Wigmore on Evidence §§ 18 & 20 (3d ed. 1940) (distinguishing between objections and exceptions in evidentiary context). In the course of finding these petitioners in procedural default, the New Hampshire court noted that "this State re-

quires a contemporaneous objection, but also requires an exception to be noted." *Martineau v. Perrin,* 119 N.H. 529, 532, 404 A.2d 1100, 1102 (1979). Petitioners here neither objected nor excepted.

3. For this reason we cannot consider New Hampshire's action to be "an obvious subterfuge to evade consideration of a federal issue." *Radio Station WOW, Inc. v. Johnson,* 326 U.S. 120, 129, 65 S.Ct. 1475, 1480, 89 L.Ed. 2092 (1945).

son exception to capital cases.[4] "For after all, death cases are indeed different in kind from all other litigation." *Coleman v. Balkcom*, —— U.S. ——, ——, 101 S.Ct. 2031, 2033, 68 L.Ed.2d 334 (1981) (Stevens, J., concurring).[5] Second, petitioners do not show that they could have fairly considered it to be hopeless to challenge the now-disputed jury instructions at trial. The key instruction that we disapproved in *Dunn v. Perrin* defined reasonable doubt as "a strong and abiding conviction as still remains after careful consideration of all the facts and arguments." 570 F.2d at 23–24. Petitioners cite no cases that upheld this instruction prior to their trials.[6] *Compare Curtis Publishing Co. v. Butts*, 388 U.S. 130, 143–44 & n.8, 87 S.Ct. 1975, 1985 & n.8, 18 L.Ed.2d 1094 (1967); *O'Connor v. Ohio*, 385 U.S. 92, 93, 87 S.Ct. 252, 253, 17 L.Ed.2d 189 (1966). They do cite New Hampshire cases that *subsequently* so rule,[7] but these cannot justify failure to object at the times of trial. Indeed, we note that the only timely language brought to our attention is our dictum in *United States v. Flannery*, 451 F.2d 880, 882–83 (1st Cir. 1971), which unambiguously condemned the language in question prior to Breest's trial. Because petitioners advance no other reasons why their trial objections would have been futile, we conclude that they have not met their burden on this claim—a finding that, due to the peculiar posture of this case, will also control our consideration in the next section of this decision.[8]

4. In a case that refused to abolish New Hampshire's requirement of taking an exception after an objection has been overruled, the New Hampshire Supreme Court cited *Nelson* and referred to its futility-of-objection element but not its death penalty setting. *Barton v. City of Manchester*, 110 N.H. 494, 496, 272 A.2d 612, 613 (1970). We take this not as a deliberate broadening of doctrine but as a shorthand description of the case.

5. Petitioners claim that the New Hampshire court considered the merits of a tardy jury instruction challenge in the noncapital case of *State v. Belkner*, 117 N.H. 462, 374 A.2d 938 (1977). *Belkner* is distinguishable, even assuming procedural failings there—a fact not established by that opinion and denied in *Martineau v. Perrin*, 119 N.H. 529, 530, 404 A.2d 1100, 1101 (1979) ("The issue in [*State v.*] *Black*, [116 N.H. 836, 368 A.2d 1177 (1976)] and *Belkner* was properly before us by motion or exception taken at trial."). In *Belkner* the jury instruction issue was pressed on direct appeal while here it was not. *Cf. Fay v. Noia*, 372 U.S. 391, 396 n.3, 83 S.Ct. 822, 826 n.3, 9 L.Ed.2d 837 (1963) (recounting New York rule that failure to utilize direct appeal bars those arguments from later being raised on collateral review); *Grace v. Butterworth*, 635 F.2d 1, 11 (1st Cir. 1980) (relating Massachusetts court's grounds for refusing to hear merits of a challenge to jury instructions, some of which grounds distinguish between issues raised on direct and collateral review), *cert. denied*, —— U.S. ——, 101 S.Ct. 3053, 69 L.Ed.2d 421 (1981). A state's interest in finality could rationally lead it to erect increasingly stringent standards to be satisfied before consideration of asserted and unpreserved trial errors, such standards to be triggered by time and procedural lapses since the "decisive and portentous event" of trial, *Wainwright v. Sykes*, 433 U.S.

72, 90, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977). *Cf. Stone v. Powell*, 428 U.S. 465, 493–94, 96 S.Ct. 3037, 3051–52, 49 L.Ed.2d 1067 (1976) (educative effect of determining Fourth Amendment violations diminishes when taking place in "collateral proceedings often occurring years after the incarceration of the defendant").

6. Petitioners cite two cases upholding New Hampshire reasonable doubt instructions. *See State v. Hutton*, 108 N.H. 279, 235 A.2d 117 (1967); *State v. Mannion*, 82 N.H. 518, 136 A.2d 358 (1927). Neither case involves a reasonable doubt instruction similar to that in the text. *Cf. State v. Wentworth*, 118 N.H. 832, 836, 395 A.2d 858, 861 (1978) (instruction similar to that in text had been used in state for decades "without challenge").

7. *See State v. Wentworth*, 118 N.H. 832, 395 A.2d 858 (1978); *State v. Belkner*, 117 N.H. 462, 374 A.2d 938 (1977); *State v. Black*, 116 N.H. 836, 368 A.2d 1177 (1976). *Cf. State v. Booton*, 114 N.H. 750, 762, 329 A.2d 376, 385 (1974) (reasonable doubt is "doubt for which one has good, solid and sufficient reason based on all the evidence").

8. Petitioners cite a number of New Hampshire cases showing that the state relaxes its procedural requirements in other classes of cases. *E. g., Gove v. Crosby*, 100 N.H. 380, 128 A.2d 205 (1956) (citing two types of cases in which failure to except after an objection is overruled is excused, but making no reference to instances in which failure to object is excused); *State v. Karvelos*, 80 N.H. 528, 120 A.2d 263 (1923) (failure to object and except may be excused in order to prevent "manifest injustice"). Petitioners, however, do not contend that they fall

### III

We must now consider the extent to which federal review of petitioners' claims will intervene, notwithstanding the state's independent and adequate procedural bar, due to the special policies of federal habeas corpus review. The relevant test is set out in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).[9] *Sykes* directs that we proceed to the merits only upon petitioners' "showing of cause for the [state procedural] noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation." *Id.* at 84, 97 S.Ct. at 2505.

The lone "cause" that petitioners assert for their failure to object at trial is the state of the law at the time of their trial, which purportedly made objection pointless. As just explained, petitioners have failed to substantiate this claimed "cause". We consequently affirm the district court without taking sides in the current controversy over whether "futility" can ever constitute "cause" under *Sykes*. *See, e. g., Isaac v. Engle*, 646 F.2d 1129 (6th Cir. 1980) (6–3 en banc) (futility is cause), *cert. granted*, —— U.S. ——, 101 S.Ct. 1973, 68 L.Ed.2d 294 (1981); *Cole v. Stevenson*, 620 F.2d 1055 (4th Cir.) (6–3 en banc) (futility is not cause), *cert. denied*, 449 U.S. 1004, 101 S.Ct. 545, 66 L.Ed.2d 301 (1980). We are satisfied to decide this case, leaving broader holdings in this rapidly developing area of law to cases that require them.

*Affirmed.*

within any of these other categories. We therefore think that New Hampshire dealt with petitioners on a principled rather than ad hoc basis. Whatever is to be drawn from the Supreme Court's treatment of *discretionary* state procedural bars on direct review by certiorari, *see Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969); *Williams v. Georgia*, 349 U.S. 375, 75 S.Ct. 814, 99 L.Ed. 1161 (1955); P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, *Hart & Wechsler's The Federal Courts and the Federal System* 562 (2d ed. 1973), we think those cases have no applicability in this particular habeas corpus context.

9. Petitioner Breest argues that *Sykes*' "cause and prejudice" test should not apply when a

habeas petition raises only questions of law that require no factual determinations. *See Cole v. Stevenson*, 620 F.2d 1055, 1069–70 (4th Cir. 1980) (Murnaghan, J., dissenting). This reading is supported by the two sentences of *Sykes*' rationale that stress the advantages of first deciding constitutional issues when witnesses' recollections are "freshest" and "demeanor" can be observed. *Wainwright v. Sykes*, 433 U.S. 72, 88, 97 S.Ct. 2497, 2507, 53 L.Ed.2d 594 (1977). The *Sykes* Court, however, stated that it had "several" grounds for its conclusion. *Id.* Its other grounds are not susceptible to the limitation that petitioner Breest proposes. *See id.* at 88–91, 97 S.Ct. at 2507–2508.