**Robert BREEST, Petitioner, Appellant,**

v.

**Michael CUNNINGHAM, Warden, New Hampshire State Prison, Respondent, Appellee.**

**No. 85–1301.**

United States Court of Appeals, First Circuit.

Feb. 28, 1986.

Alan Scribner, on brief for petitioner, appellant.

Andrew L. Isaac, Asst. Atty. Gen., with whom Stephen E. Merrill, Atty. Gen., were on brief for respondent, appellee.

Before COFFIN and ALDRICH, Circuit Judges, and ROSENN,* Senior Circuit Judge.

COFFIN, Circuit Judge.

Petitioner Breest appeals from a decision of the district court denying his request for a writ of habeas corpus. We affirm the district court, finding that Breest has failed to meet the "cause" and "prejudice" requirements of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

I.

■ Breest was convicted of first degree murder and sentenced to life imprisonment in New Hampshire in 1973. His conviction and sentence were affirmed on appeal. *State v. Breest*, 116 N.H. 734, 367 A.2d 1320 (1976). Breest has filed four previous habeas corpus petitions, three of which have been denied. The fourth one, challenging certification of petitioner's crime as psycho-sexual, has been granted and has led to a recertification proceeding. *Breest v. Perrin*, 752 F.2d 8 (1st Cir.1984). The facts of petitioner's trial and conviction are set forth in full in our opinion in *Breest v.*

* Of the Third Circuit, sitting by designation.

*Perrin*, 624 F.2d 1112, 1113–14 (1st Cir. 1980).

In this habeas proceeding, Breest challenges the reasonable doubt instruction given at his trial. In *Dunn v. Perrin*, 570 F.2d 21 (1st Cir.1978), we invalidated a New Hampshire reasonable doubt jury instruction substantially identical to the one given at Breest's trial. In a habeas proceeding brought in 1981, Breest challenged this instruction for the first time. *Breest v. Perrin*, 655 F.2d 1 (1st Cir.1981). We held there that Breest had not shown the requisite "cause" under *Wainwright v. Sykes* for failing to object to the instruction at trial, because he had failed to show that he "could have fairly considered it to be hopeless to challenge the now-disputed jury instructions at trial." *Breest v. Perrin*, 655 F.2d at 4. The only change in the law since our decision in that case has been the Supreme Court decision in *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), holding that "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant had cause for his failure to raise the claim." *Reed v. Ross*, 104 S.Ct. at 2910. We conclude that a legal basis for raising an objection to the jury instruction was reasonably available to Breest at the time of his trial, and that no cause was therefore shown under the *Reed* formulation.

In *Dunn v. Perrin*, we expressed concern with various aspects of the reasonable doubt instruction and we found "clearly wrong" the language that described reasonable doubt as a "strong and abiding conviction as still remains after careful consideration." 570 F.2d at 23–24. We noted that in *United States v. Flannery*, 451 F.2d 880, 882–83 (1st Cir.1971), we had condemned virtually identical wording in a jury instruction. Although other reversible error in *Flannery* made it unnecessary for us to decide the constitutional implications of the reasonable doubt charge, the language in our opinion left no doubt as to our serious concerns with such an instruction.

As we explained in *Dunn,* the charge was the exact inverse of what it should have been, because "instead of requiring the government to prove guilt, it called upon petitioners to establish doubt in the jurors' minds." *Dunn v. Perrin,* 570 F.2d at 24. This, we concluded, was an inescapable violation of *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970), which requires the government to bear the burden of proving every element of its case.

At the time of Breest's trial, both *In re Winship* and *Flannery* had already been decided, as had numerous other cases that had expressed some concern with this form of the reasonable doubt instruction. *See Dunn v. Perrin,* 570 F.2d at 23–25 (citing cases). Thus, Breest's counsel clearly had some legal basis on which to present an objection to the instruction. This case is distinguishable from *Reed v. Ross,* in which the Supreme Court noted that the defendant's case had been tried before *In re Winship* was decided and that counsel therefore lacked the springboard for an objection. *See Reed v. Ross,* 104 S.Ct. at 2912; *Reed v. Ross,* 704 F.2d 705, 708 (4th Cir. 1983). Our case is closer to *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). There, the Supreme Court noted that respondents' claims were far from unknown at the time of their trials. *In re Winship* had already been decided and many defendants had already relied on the case in successfully challenging jury instructions that had shifted the burden of proof to the defendant. *Engle,* 456 U.S. at 131–32, 102 S.Ct. at 1573–74. In such a situation, the Court held, there was no "cause" under the *Wainwright v. Sykes* test for defense counsel to fail to raise an objection.

In defense of his claim that an objection would have been futile, Breest argues that the reasonable doubt instruction had been used for decades in New Hampshire without challenge, and that in decisions following the Breest trial, New Hampshire courts had expressly upheld the constitutionality of jury charges similar to the one given at Breest's trial. As we noted in *Dunn v.*

*Perrin,* 655 F.2d at 4, however, Breest cites no New Hampshire cases prior to his trial that upheld the instruction. The fact that subsequent state cases upheld such an instruction cannot justify a failure to object at trial, particularly when those decisions that did exist at the time had expressed strong concerns with such an instruction. *See Dunn v. Perrin,* 655 F.2d at 4 and nn. 6 & 7. We therefore find that Breest has failed to meet the "cause" requirement of *Wainwright v. Sykes.*

## II.

We also find that Breest did not meet the "prejudice" prong of *Wainwright v. Sykes.* The requirement of prejudice is not met if the evidence against a defendant is so overwhelming that an error, such as the failure to object to a jury instruction, is rendered harmless. *Wainwright v. Sykes,* 433 U.S. 72, 91, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977). In *Breest v. Perrin,* 624 F.2d 1112 (1st Cir.1980), we carefully reviewed all the evidence in this case. We first excluded the fact of Breest's confession to a fellow-inmate and concluded that "[t]he net effect of the evidence so far would, in our opinion, point strongly toward guilt, though not compellingly." *Breest v. Perrin,* 624 F.2d at 1116. We then stated that "[o]nce Carita [the fellow-inmate] testified concerning the confession, we think the force of the evidence in terms of its effect on the jury became compelling." *Id.* We note that we do not look kindly upon the fact that petitioner's brief selectively quoted from our opinion in *Breest v. Perrin* in order to convey the impression that we had not found the evidence against Breest to be overwhelming. In fact, we did find that the evidence against Breest was compelling, a conclusion reached as well by other courts that have reviewed this particular case. *See Breest v. Perrin,* 495 F.Supp. 287, 293 (D.N.H.1980); *Breest v. Perrin,* 125 N.H. 703, 707, 484 A.2d 1192, 1195 (1984). We therefore find that Breest has failed to

meet the "prejudice" requirement of *Wainwright v. Sykes.*

*Affirmed.*