Commonwealth v. Goodwin.

COMMONWEALTH vs. GEORGE H. GOODWIN.

Suffolk.    December 1, 1969. — January 28, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & QUIRICO, JJ.

*Practice, Criminal, Capital case, Charge to jury, Appeal.*

In a murder case where there was a verdict of guilty in the first degree
with a recommendation that the death penalty be not imposed, certain
instructions to the jury in response to a question by them during their
deliberations did not imply that parole would be available to the
defendant in the event of such a verdict and so were not prejudicial
to the defendant on the ground of such implication asserted by him.
[633–634]

Certain discrepancies in the testimony of some of the Commonwealth's
witnesses at a murder trial were minor and did not show a miscarriage
of justice or reason for action by this court under G. L. c. 278, § 33E,
ordering a new trial or entry of a verdict of a lesser degree of guilt than
first degree murder as found by the jury. [634]

INDICTMENT found and returned in the Superior Court
on December 9, 1968.

The case was tried before *Macaulay, J.*

*Walter T. Healy* for the defendant.

*Newman A. Flanagan,* Assistant District Attorney, for
the Commonwealth.

SPALDING, J.    On an indictment charging the defendant
with the murder of Gerald M. McCabe, the jury returned a
verdict of guilty of murder in the first degree with a recom-
mendation that the death penalty be not imposed.    The
defendant appealed.    G. L. c. 278, §§ 33A–33G.

There was evidence of the following.    The defendant and
one Gaylord spent the night of October 27, 1968, on the top
floor of an abandoned building at 362–364 Tremont Street,
Boston.    In the morning of the twenty-eighth, Murray Vieno
and Teresita Floresca joined them.    On their way out of the
building, the defendant was observed by the other three
beating with a baseball bat a man lying on a mattress in a
second floor room.    Gaylord and Vieno testified that they

attempted to stop the defendant, but to no avail. The defendant threw other objects at the man, and finally dropped a seventy-eight pound radiator on his chest. The beating lasted from ten to fifteen minutes. The man managed to crawl or fall into the kitchen, where he was last seen lying in front of a refrigerator, covered by a blanket or coat.

On October 29, sometime after 3 P.M. one Patrick Joyce, an employee of the Boston Gas Company, who was removing a gas meter from the cellar of 362–364 Tremont Street, tripped over a man's body at the top of the stairs. There was considerable blood about his face and body. This man was later identified as McCabe. An autopsy revealed that the cause of death was "pneumothorax, meaning air in the chest but not in the lung — crush of chest." A test conducted on a radiator found on the premises indicated the presence of human blood.

After retiring for deliberation, the jury asked the judge whether the defendant, if found guilty of first degree murder, with a recommendation that the death sentence be not imposed, would be "eligible for parole and when eligible?" [1] The judge answered: "I did not tell you anything about that in the original charge because in the case of *Commonwealth* vs. *McNeil* . . . [328 Mass. 436, 442] decided in 1952, the Supreme Judicial Court of our Commonwealth says that *the matter of parole in the statute* is of no concern to the jury, and they held that the trial judge in that case was right in not explaining to the jury *what the parole conditions are* for the crime of murder in the first degree, where there is a recommendation that the sentence of death be not imposed, or what *the parole conditions are* if a defendant is found guilty of murder in the second degree. Of course, under the statutes I read to you, each one of them is a life sentence. I wish I could explain it more clearly, but under

---

[1] Under G. L. c. 265, § 2, as amended through St. 1956, c. 731, § 12, one who is convicted of first degree murder with a recommendation that the death sentence be not imposed shall be punished by imprisonment for life and is not eligible for parole under G. L. c. 127, § 133A, but if his sentence is commuted by the Governor and Council "he shall thereafter be subject to the provisions of law governing parole for persons sentenced for lesser offences."

this statute the matter of parole is of no concern of the jury on either one of the lesser two sentences" (emphasis supplied). The defendant excepted to this instruction. He argues that the instruction constituted reversible error because its use of the phrases "the matter of parole in the statute" and "what the parole conditions are" for first degree murder, went beyond the *McNeil* rule and implied that parole was available in convictions for first degree murder where the death penalty was not imposed. We disagree. The judge properly and adequately stated the rule applicable to instructions on parole. In conformity with the *McNeil* case he clearly explained that parole was of no concern to the jury in reaching their verdict. The phrases cited by the defendant, "parole conditions" and "matter of parole," imply equally a situation in which no parole is available at all, as one in which there is parole. There is thus left little room on these instructions for speculation by the jury which might be prejudicial to the defendant.

The defendant also urges us to set aside the verdict of guilty under the broad power of review granted us by G. L. c. 278, § 33E. The defendant asserts that discrepancies in the testimony of four of the Commonwealth's witnesses make the jury's verdict "a miscarriage of justice." The accounts of three different witnesses agree in substance as to the time, place, and manner of the beating, and the defendant's role in it. Such discrepancies as do appear are minor, and in no way vitiate the verdict of the defendant's guilt. We have reviewed the evidence, in accordance with our duty under § 33E, and are satisfied that there is no basis for ordering a new trial or for entering a verdict of a lesser degree of guilt.

*Judgment affirmed.*