COMMONWEALTH vs. FRANK GRACE
(and a companion case[1]).

Bristol. September 12, 1978. — September 29, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, LIACOS, & ABRAMS, JJ.

*Practice, Criminal*, New trial; Instructions to jury; Exceptions: failure to save exception; Appeal.

There was no merit to contentions of two defendants that they were entitled to a new trial because the judge's charge to the jury contained analogies to the jurors' daily lives in defining reasonable doubt and references to parole consequences of various verdicts where the use of analogies, taken in the context of the entire charge, did not amount to reversible error and where the defendants failed to argue their exception to the charge on the parole consequences on a previous appeal. [500-501]

MOTION for a new trial filed in the Superior Court on August 10, 1977.

The proceeding was heard by *Brogna, J.*

The case was submitted on briefs.

*Daniel F. Featherston, Jr.*, for the defendants.

*Peter B. Gay*, Special Assistant District Attorney, for the Commonwealth.

ABRAMS, J. The defendants appeal from the denial of their second motion for a new trial. We have already affirmed their convictions and the denial of their first motions for new trials, *Commonwealth* v. *Grace*, 370 Mass. 746 (1976) (Frank); *Commonwealth* v. *Grace*, 370 Mass. 759 (1976) (Ross). Although both defendants had obtained plenary review pursuant to G. L. c. 278, § 33E, neither obtained approval from a single justice to pursue these appeals, as required by the statute. See G. L. c. 278,

---

[1] Commonwealth vs. Ross M. Grace.

§ 33E. After exhaustive and plenary review under § 33E, such approval is required. These appeals are, therefore, not properly before us. Since the Commonwealth has not argued the impropriety of these appeals' being entered in this court without the approval of a single justice, we consider the issues raised to determine if the motions for new trials were correctly denied. We conclude that there was no error and affirm the order denying relief.

Both defendants claim that they are entitled to a new trial as a result of our holding in *Commonwealth* v. *Ferreira*, 373 Mass. 116 (1977). They claim that the charge to the jury contained analogies to the jurors' daily lives in defining reasonable doubt and references to parole consequences of various verdicts and hence reversal is required. We disagree.

We note that trial counsel took no exception to the reasonable doubt portion of the charge and that experienced appellate counsel failed to brief or argue the correctness of the charge on the first appeal. "It has been the unbroken practice both under the statute and at common law respecting motions for new trial not to examine anew the original trial for the detection of errors which might have been raised by exceptions taken at the trial." *Commonwealth* v. *McLaughlin*, 364 Mass. 211, 229 (1973), quoting from *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 24 (1923). See *Commonwealth* v. *Morgan*, 280 Mass. 392, 394 (1932) (failure to except to portion of the jury charge cannot be raised as a matter of right on motion for new trial); *Commonwealth* v. *Morrison*, 134 Mass. 189, 190 (1883) (where defendant failed to except to portion of jury charge at trial, defendant had no ground to except to denial of motion for new trial).

Moreover, we note that the judge's charge concerning reasonable doubt in these cases, unlike the charge in *Ferreira*, emphasized "moral certainty" which is both a traditional and an acceptable instruction. See *Commonwealth* v. *Fielding*, 371 Mass. 97, 116-117 (1976); *Commonwealth* v. *Webster*, 5 Cush. 295, 320 (1850). The use of

analogies, taken in the context of the entire charge, did not amount to reversible error. Compare *Commonwealth v. Coleman,* 366 Mass. 705, 712 (1975), and *Commonwealth* v. *Ferguson,* 365 Mass. 1, 12 (1974), with *Commonwealth* v. *Ferreira, supra* at 129. We find the instant cases more closely analogous to the *Coleman* and *Ferguson* cases than to the *Ferreira* case.

The charge on the parole consequences of possible murder convictions also does not require reversal. This court has subscribed to a "long-standing general rule that neither sentencing nor parole may appropriately be considered by the jury in reaching their verdict." *Commonwealth* v. *Mutina,* 366 Mass. 810, 823 n.12 (1975). See *Commonwealth* v. *Goodwin,* 356 Mass. 632, 633-634 (1970). The defendants excepted to this portion of the charge but failed to argue this exception as error at the original appeal. Thus, this claim of error has been waived. *Commonwealth* v. *Amazeen,* 375 Mass. 73, 74 n.1 (1978). *Commonwealth* v. *Kleciak,* 350 Mass. 679, 681 (1966). See G. L. c. 278, § 33D; S.J.C. Rule 1:13, as amended, 366 Mass. 853 (1975). Cf. *Commonwealth* v. *Grace, supra* at 758; *Commonwealth* v. *Roberts,* 362 Mass. 357, 369 (1972).

While such remarks are better left unsaid, we think that not every comment on parole consequences by a judge necessarily requires a new trial. See *Commonwealth* v. *Burnett,* 371 Mass. 13, 16 (1976).

We have reviewed the charge as a whole and find that it stressed the duty of the jurors, the seriousness of their decision, moral certainty in defining reasonable doubt, and the Commonwealth's burden of proof. Therefore, we hold that a new trial is not mandated.

*Order denying motion for*
*new trial affirmed.*