WARREN A. GIBSON *vs.* COMMONWEALTH.

Suffolk. January 4, 1979. — March 16, 1979.

Present: QUIRICO, BRAUCHER, KAPLAN, WILKINS & LIACOS, JJ.

*Practice, Criminal,* Instructions to jury. *Error,* Harmless error.

In the context of a judge's entire charge at a criminal trial held prior
to this court's decision in *Commonwealth* v. *Rodriguez,* 370 Mass.
684 (1976), any error in the instruction with respect to the burden
of proof on self-defense and voluntary manslaughter was harmless
beyond a reasonable doubt. [539-543]

PETITION filed in the Supreme Judicial Court for the
county of Suffolk on October 24, 1977.

The case was reported by *Wilkins,* J.

*Daniel E. Callahan* for the plaintiff.

*Charles J. Hely,* Assistant District Attorney, for the
Commonwealth.

BRAUCHER, J. The petitioner Gibson (the defendant)
was convicted of murder in the first degree in 1974, and
we affirmed the conviction in August, 1975. *Common-
wealth* v. *Gibson,* 368 Mass. 518 (1975). By writ of error
he now claims that the judge's instructions to the jury on
self-defense and voluntary manslaughter improperly
shifted the burden of proof to him. A single justice of this
court reserved and reported the case for our decision.
Following our decision on a similar claim in *Gagne* v.
*Commonwealth,* 375 Mass. 417 (1978), we again affirm
the conviction.

The judge instructed the jury on the issues of self-de-
fense and manslaughter by excessive force, and the Com-
monwealth now concedes that the defendant's own tes-
timony, though "not at all credible," was "marginally
sufficient" to warrant the submission of those issues to

the jury. There was no request for an instruction on the burden of proof on those issues, and no relevant exception was taken. In our opinion on the direct appeal, we said that the jury "obviously disbelieved" the defendant's story. 368 Mass. at 522.

Notwithstanding the absence of an exception, the defendant on the direct appeal challenged a portion of the charge to the jury dealing with inferences. We noted "that the argument that this portion of the instructions deprived the defendant of his constitutional right to have all necessary elements of the offense proved beyond a reasonable doubt, *In re Winship*, 397 U.S. 358, 364 (1970), is without merit. The quoted passage, even assuming it would have been improper taken alone, was both preceded and followed by clear instructions impressing on the jury their duty to find the defendant not guilty if there remained in the minds of the jurors any reasonable doubt of the existence of any fact which was essential to the guilt of the defendant. . . . Considered as a whole, the charge in this case was proper. Once the trial judge gave an adequate and accurate charge on the Commonwealth's burden of proof, 'he was not required to repeat the same instruction with each of the other subjects discussed in the remainder of his charge.' *Commonwealth* v. *Redmond*, 357 Mass. 333, 342 (1970)." 368 Mass. at 527-528. Experienced counsel conducting that appeal did not raise the present claim.

This case, like the *Gagne* case, was tried before our decision in *Commonwealth* v. *Rodriguez*, 370 Mass. 684 (1976), and before the decisions of the Supreme Court in *Mullaney* v. *Wilbur*, 421 U.S. 684 (1975), and *Hankerson* v. *North Carolina*, 432 U.S. 233 (1977). In such cases we do not insist on a request for proper instruction, nor on an exception to the charge given. We examine the charge "in its entirety to determine whether the constitutional requirements have been met." But we would "bring greater expectations, and consequently more careful scrutiny of the judge's charge as to these issues, in any

case where the trial occurred after the date of *Mullaney*, and particularly after the date of *Rodriguez*." *Commonwealth* v. *Stokes*, 374 Mass. 583, 591 (1978).

Where the case has once been reviewed on direct appeal, and particularly where experienced counsel has unsuccessfully presented a challenge to the charge to the jury on burden of proof, we are not required by decisions of the Supreme Court to entertain a new challenge on the same subject by way of collateral attack. See *Hankerson* v. *North Carolina*, 432 U.S. 233, 244 n.8 (1977). In these circumstances, we look rather to the question whether there is a substantial risk that there has been a miscarriage of justice. *Commonwealth* v. *Collins*, 374 Mass. 596, 601 (1978).

In the present case, as in the *Gagne* case, the judge did not tell the jury that the defendant had the burden to prove or to disprove anything. Repeatedly, he instructed them that the burden was on the Commonwealth to prove beyond a reasonable doubt every essential element of the crime charged. He defined murder to require malice aforethought, and he defined malice aforethought to require that "there is no legal justification or excuse," repeating several times that malice required a state of mind "without legal excuse or justification," or an injury "not justified, excused or mitigated upon any legal grounds." Thus the Commonwealth was required to prove beyond a reasonable doubt that there was no legal justification, excuse, or mitigation.

Later in the charge, the judge came to "the rules with regard to voluntary manslaughter," and he pointed out that the defendant claimed he was "justified" in using the force and violence he did because he was fearful of great bodily harm or death. He defined "sufficient provocation," and referred to "self-defense" as a circumstance which might "mitigate" the crime from murder to voluntary manslaughter. He then stated the rules as to self-defense, including a statement that if the use of a gun was "unreasonable and clearly excessive" as a means of self-

defense, then the defendant would be guilty of voluntary manslaughter. Thus his terminology of "justification" and "mitigation" tied into his earlier charge on reasonable doubt and the elements of the crime. After the charge was completed, at the defendant's request the judge gave an additional instruction, with respect to voluntary manslaughter, that, although mere words were not sufficient provocation, the jurors might take into consideration any menacing threat or assault on the part of the victim.

In his instructions on voluntary manslaughter, the judge said, "Where an unlawful killing is committed by the intentional use of a deadly weapon, a gun, I have already explained to you that a presumption of malice aforethought arises. But this presumption may be rebutted by a showing of circumstances surrounding the killing which though insufficient to excuse or justify the killing would mitigate the crime from murder to voluntary manslaughter." He then explained that self-defense might be one of those circumstances, or might excuse the killing altogether. The use of the words "presumption" and "rebutted" in this context is objectionable. See *Commonwealth* v. *Collins,* 374 Mass. 596, 600 n.2 (1978). But he had equated "presumptions" and "inferences," saying: "A presumption of fact or an inference is nothing more than a probable natural explanation of facts and arises from the commonly accepted experiences of mankind, that is, your own experience, and the inferences which reasonable men and women would draw from experience." In the light of that definition of "presumptions," regardless of its accuracy, his later use of the word was not misleading.

Most serious is the following sentence. After his discussion of self-defense and excessive force, the judge said, "Remember that these considerations will arise only upon your acceptance of the defendant's version of what actually happened in the late evening of May 28th or the early morning of May 29, 1973." In the light of the rest of the charge the judge must have meant to refer to an

"acceptance" sufficient to raise a reasonable doubt, but such a reading puts a severe strain on the language. Cf. *Connolly* v. *Commonwealth, ante* 527, 531-536 (1979) ("Unless you find . . ."). Certainly if the point had been brought to the judge's attention it would have been his duty to clarify his meaning. Even without any objection or exception we might have taken the point on direct appeal as a basis for ordering a new trial under G. L. c. 278, § 33E.

But the "acceptance" instruction is one sentence in a charge which occupies fifty-seven pages of transcript. It seems clear that the jury did not think the defendant's version raised a reasonable doubt as to anything. That version was entirely inconsistent with deliberate premeditation, and the jury's verdict necessarily included a finding of deliberate premeditation. We are convinced beyond a reasonable doubt that any error in the "acceptance" instruction was harmless.

*Judgment affirmed.*