COMMONWEALTH *vs.* FRANK GRACE
(and a companion case[1]).

Bristol.  September 8, 1980. — November 12, 1980.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Practice, Criminal,* New trial, Appeal, Capital case, Exceptions:  failure
to save exception; Instructions to jury.  *Constitutional Law,* Substan-
tial Federal question.

Discussion of the standards for appellate review of issues in criminal cases
in the absence of objection or exception.  [754-755]
In reviewing the denial of a motion for a new trial based on the alleged
insufficiency of the judge's instructions on reasonable doubt, this court
would reverse only upon a showing of grave prejudice or substantial
likelihood that a miscarriage of justice had occurred where reversal
was not constitutionally required and where there was no objection or
exception to the instructions.  [755-756]
The alleged insufficiency of a judge's instructions on reasonable doubt
did not require reversal of a criminal conviction as a matter of State
law, where the case was not subject to review under G. L. c. 278,
§ 33E, where no objection was made nor exception taken to the in-
structions even though the defect in the charge had been disclosed in
an opinion of this court published before the charge was given, and
where the issue was not raised either in the defendant's first motion for
a new trial or in his first appeal which was argued after the Supreme
Court's decision in *Mullaney* v. *Wilbur,* 421 U.S. 684 (1975); and, as a
matter of Federal constitutional law, the instruction did not have such
a devastating impact on the trial as to amount to a denial of due proc-
ess.  [756-758]
Upon reconsideration of the decision in *Commonwealth* v. *Grace,* 376
Mass. 499 (1978), this court concluded that the case did not fairly pre-
sent the issue whether it had "proceeded so incoherently and capricious-
ly, and with such lack of even-handedness, as to have violated the equal
protection and due process standards of the Federal Constitution" in
failing to apply to that decision the same rules subsequently announced
in *Commonwealth* v. *Garcia,* 379 Mass. 422 (1980).  [760-761] LIACOS,
J., concurring.

_____
[1] Commonwealth *vs.* Ross M. Grace.

This court was of the opinion that a substantial Federal question would not be presented by a finding that in its decision in *Commonwealth* v. *Grace,* 376 Mass. 499 (1978), this court failed to apply the same rules announced more than a year later in *Commonwealth* v. *Garcia,* 379 Mass. 422 (1980), since the rules so announced were not necessary to the decision in the *Garcia* case and since a State court's misapplication of its own law generally does not raise a constitutional claim cognizable in a Federal habeas corpus proceeding. [761] ·

MOTION for a new trial filed in the Superior Court on August 10, 1977.

The proceeding was heard by *Brogna,* J.

After the decision reported at 376 Mass. 499 (1978), the Supreme Judicial Court entertained a petition for reconsideration.

The case was submitted on briefs.

*Daniel F. Featherston, Jr.,* for the defendants.

*Francis X. Bellotti,* Attorney General, *Stephen R. Delinsky & Barbara A. H. Smith,* Assistant Attorneys General, for the Commonwealth.

BRAUCHER, J. Before the United States Court of Appeals for the First Circuit the defendants claimed that this court, in *Commonwealth* v. *Grace,* 376 Mass. 499 (1978), "violated the fourteenth amendment by failing to apply in appellants' case the same rules that were announced in a later case claimed to be essentially indistinguishable," *Commonwealth* v. *Garcia,* 379 Mass. 422 (1980). See *Grace* v. *Butterworth,* No. 79-1422, Memorandum and Order (1st Cir., July 23, 1980). At the suggestion of the Federal court, the defendants now present that claim to us by a petition for reconsideration. Upon full consideration of the claim, we adhere to our 1978 decision.

1. *The procedural posture.* The defendant brothers were tried together in 1974 for a murder committed in 1972, and we affirmed their convictions and orders denying motions for new trial, considering the whole case on the law and the evidence pursuant to G. L. c. 278, § 33E. *Commonwealth* v. *Grace,* 370 Mass. 746, 758 (1976). *Commonwealth* v.

*Grace,* 370 Mass. 759, 762 (1976). Habeas corpus petitions were dismissed by a Federal court, and the dismissals were affirmed. *Grace* v. *Butterworth,* 586 F.2d 878 (1st Cir. 1978). Meanwhile, the defendants filed second motions for a new trial on the basis of our decision in *Commonwealth* v. *Ferreira,* 373 Mass. 116 (1977), and denial of those motions was affirmed in *Commonwealth* v. *Grace,* 376 Mass. 499 (1978). A second habeas corpus petition was filed and denied in the Federal court, and the Court of Appeals affirmed. *Grace* v. *Butterworth,* 635 F.2d 1 (1st Cir. 1980).

On the basis of our decision in *Commonwealth* v. *Garcia,* 379 Mass. 422 (1980), the defendants filed a petition for rehearing in the United States Court of Appeals. That court granted a rehearing and decided "to retain jurisdiction while the Graces put their claim before the state courts." *Grace* v. *Butterworth,* 635 F.2d 1, 11 (1st Cir. 1980). Later that court adhered to that decision after the defendants had called its attention to our decision in *Commonwealth* v. *Smith, ante* 141 (1980). *Grace* v. *Butterworth,* No. 79-1422, Memorandum and Order (1st Cir., July 23, 1980). We treated the defendants' petition as a petition for rehearing, and the parties have filed briefs.

2. *The Ferreira and Garcia cases.* The same trial judge who presided over the Grace trial also presided over the trials in the *Ferreira* and *Garcia* cases, and he used substantially similar language in these and presumably in numerous other cases in instructing the jury on reasonable doubt. See, e.g., *Commonwealth* v. *Ferguson,* 365 Mass. 1, 11 (1974). In the *Ferreira* and *Garcia* cases, as in the *Grace* cases, counsel failed to object or except to this aspect of the charge. Both the *Ferreira* case and the *Garcia* case came to us on direct appeal, and we considered the issue pursuant to our powers under G. L. c. 278, § 33E.

The evidence in the *Ferreira* case "demonstrated clearly that a vicious and unprovoked murder was committed and that one of two men, the defendant or Silva, committed that murder." There was "a classic duel of credibility: Silva testified that the defendant fired the shots, and the defend-

ant testified that Silva did the shooting." 373 Mass. at 127. We considered the charge on reasonable doubt "in light of the fact that, as emphasized *supra,* the evidence of the defendant's guilt was not overwhelming." *Id.* at 128. We held that the judge's use of examples taken from the jurors' lives "understated and tended to trivialize" the jury's duty to determine whether guilt was proved beyond a reasonable doubt. We noted that we had "previously criticized the type of analogy drawn here." *Id.* at 129, and cases cited. Without any reference to constitutional requirements, we ordered a new trial. After a second trial we affirmed the defendant's conviction of murder in the first degree. *Commonwealth* v. *Ferreira, ante* 306 (1980).

In the *Garcia* case we affirmed a conviction of second degree murder, holding that in view of the "overwhelming evidence of guilt" error in the charge on reasonable doubt was harmless. 379 Mass. at 441-442. One judge dissented on the ground that an erroneous charge on reasonable doubt cannot be harmless. *Id.* at 445. We first noted that in the absence of objection or exception we would reverse under § 33E only upon a showing of grave prejudice or substantial likelihood that a miscarriage of justice has occurred. We distinguished our 1978 decision in the *Grace* cases as an appeal from the denial of a motion for a new trial rather than a direct appeal. We said that the charge in the *Garcia* case, like that in the *Ferreira* case, was "constitutionally inadequate," and that the *Ferreira* decision had retroactive application to a 1970 trial, emphasizing, however, that we would "scrutinize more carefully jury instructions given after the date of *Ferreira.*" *Id.* at 437-441.

3. *Dispensing with exceptions.* Before the effective date of Mass. R. Crim. P. 22, 378 Mass. 892 (effective July 1, 1979), we insisted in general that appellate review in criminal cases be based on a proper exception to the judge's ruling. We recognized, however, a "rarely used" power to set aside a verdict in order to prevent a miscarriage of justice when a decisive matter was not raised at the trial. *Commonwealth* v. *Freeman,* 352 Mass. 556, 564 (1967). *Com-*

*monwealth* v. *Hughes,* 380 Mass. 596, 601 (1980). We have exercised the same power on collateral attack by writ of error. *Connolly* v. *Commonwealth,* 377 Mass. 527, 531 n.9 (1979). See *Commonwealth* v. *Hughes,* 380 Mass. 596, 606 n.1 (1980) (Liacos, J., dissenting); cf. *Gibson* v. *Commonwealth,* 377 Mass. 539, 541 (1979). Our decision in the present case applies the same standard to collateral attack by motion for new trial, pursuant to *Earl* v. *Commonwealth,* 356 Mass. 181, 184 (1969). *Commonwealth* v. *Grace,* 376 Mass. 499, 501 (1978).

In *Commonwealth* v. *Stokes,* 374 Mass. 583 (1978), a case not subject to G. L. c. 278, § 33E, because both indictment and conviction were for second degree murder, we held that it was appropriate to review the constitutional sufficiency of the judge's charge notwithstanding the failure of counsel to request an instruction or to object or except to the charge given. The charge in question was given before the decisions in *Mullaney* v. *Wilbur,* 421 U.S. 684 (1975), and *Commonwealth* v. *Rodriguez,* 370 Mass. 684 (1976); the Supreme Court had given the *Mullaney* case "complete retroactive effect" in *Hankerson* v. *North Carolina,* 432 U.S. 233, 241, 243 (1977); and we did not require "clairvoyance on the part of defense counsel." But we need not "apply a narrow and precise test"; the charge must "be examined in its entirety to determine whether the constitutional requirements have been met." We will "bring greater expectations, and consequently more careful scrutiny" to a charge given after the date of the *Mullaney* decision, and particularly after the date of the *Rodriguez* decision. *Stokes, supra* at 588-591.

When an appeal is subject to G. L. c. 278, § 33E, we transfer to this court "the whole case for its consideration of the law and the evidence," and we may, "if satisfied that the verdict was against the law or the weight of the evidence, . . . or for any other reason that justice may require," order a new trial or direct the entry of a verdict of a lesser degree of guilt. The quoted provisions stem from an amendment by St. 1939, c. 341, enacted in part to broaden

the scope of our review of "capital cases" beyond the narrow limits enforced in the controversial Sacco and Vanzetti trials. See *Commonwealth* v. *Brown,* 376 Mass. 156, 167-168 (1978). The result has been to give us a discretionary power broader than that of a trial judge, though one to be used "with restraint." *Commonwealth* v. *Mazza,* 366 Mass. 30, 33 (1974); see *Commonwealth* v. *Gricus,* 317 Mass. 403, 404-407 (1944). In exercising that power we are not limited by the defendant's failure to object or except. See, e.g., *Commonwealth* v. *Carballo, ante* 227, 228-229 (1980); *Commonwealth* v. *Corcione,* 364 Mass. 611, 618 (1974); *Commonwealth* v. *Myers,* 356 Mass. 343, 346-347 (1969).

In the *Ferreira* and *Garcia* cases we exercised our power under § 33E to review the charge on reasonable doubt in the absence of an objection or exception. In *Gibson* v. *Commonwealth,* 377 Mass. 539, 543 (1979), where we denied postconviction relief, we said, "Even without any objection or exception we might have taken the point on direct appeal as a basis for ordering a new trial under G. L. c. 278, § 33E." But the absence of an objection or exception is not irrelevant in a case under § 33E; in *Commonwealth* v. *Fluker,* 377 Mass. 123, 131 (1979), we found that the state of the law on the issue argued was no longer uncertain at the time of trial, and we refused to review that issue in the absence of any requested instruction, objection or exception.

4. *Discretion and consistency.* Reviewing our recent cases on constitutional challenges to jury instructions in criminal cases, we find that the outcome has been influenced by at least the following factors: the weight of the evidence, the seriousness of the deficiencies in the instructions taken as a whole, the extent to which the defects had been disclosed in opinions of this court or of the Supreme Court before the instructions were given, the prior opportunities of defense counsel to make the challenge on appeal and in postconviction proceedings, and whether the appeal is subject to the special duty imposed on us by § 33E. In

some cases our opinions have discussed a critical factor, such as "harmless error" in the *Garcia* case, as if it were a separate and independent issue; in others we have relied on several factors as elements in a composite decision. Where the Constitution does not require reversal, however, and in the absence of objection or exception, our decisions are consistent with the standard that we reverse only upon a showing of grave prejudice or substantial likelihood that a miscarriage of justice has occurred.

That standard calls for a decision that is essentially discretionary. Discretionary decisions by individual judges inevitably produce variations in result in substantially similar factual situations. See, e.g., *Matter of Troy*, 364 Mass. 15, 38-39 (1973) (bail determinations); Rosenberg, Judicial Discretion of the Trial Court, Viewed from Above, 22 Syracuse L. Rev. 635, 663 (1971). Statements explanatory of such decisions may serve "no sharp analytic purpose." See *Gavin v. Commonwealth*, 367 Mass. 331, 342 (1975) (criminal sentences). At least one Justice of this court has found it difficult to rationalize our decisions. See *Commonwealth v. Hughes*, 380 Mass. 596, 604 (1980) (Liacos, J., dissenting); *Commonwealth v. Garcia*, 379 Mass. 422, 445 (1980) (Liacos, J., dissenting). It is quite likely that other Justices, though not moved to write separate opinions, would have analyzed some of the cases very differently if they had been so moved. See Greenawalt, Discretion and Judicial Decision: The Elusive Quest for the Fetters That Bind Judges, 75 Colum. L. Rev. 359, 379-380 (1975); Schaefer, Precedent and Policy, 34 U. Chi. L. Rev. 3, 7-10 (1966). Although we have sometimes engaged in the dangerous practice of comparing discretionary decisions, we have recognized that "§ 33E review is not simply a process of 'color matching.'" *Commonwealth v. Coleman*, 366 Mass. 705, 715 (1975). Contrast *Griffin v. General Motors Corp.*, 380 Mass. 362, 371 (1980), where we declined to compare the size of jury verdicts in personal injury cases.

5. *The present case.* Our 1978 decision in the *Grace* cases was not subject to § 33E. See *Commonwealth v. Smith*,

*ante* 141, 146-147 (1980). The charge was less deficient than those in the *Ferreira* and *Garcia* cases in that it emphasized "moral certainty." Nevertheless, if the case had been tried after the *Ferreira* decision and a proper exception had been taken we would doubtless have held that there was error. See *Commonwealth* v. *Hughes*, 380 Mass. 596, 601 (1980). But not only was there no objection or exception, experienced counsel failed to raise the point in his first motion for a new trial or in his first appeal. That appeal was argued after the *Mullaney* decision in the Supreme Court. The main defect in the charge on reasonable doubt had been disclosed in an opinion of this court published before the charge was given. *Commonwealth* v. *Bumpus*, 362 Mass. 672, 682 (1972), judgment vacated on other grounds, 411 U.S. 945 (1973), aff'd on rehearing, 365 Mass. 66 (1974), reviewed on habeas corpus sub nom. *Bumpus* v. *Gunter*, 452 F. Supp. 1060 (D. Mass. 1978), No. 74-5197-G, Memorandum and Order denying habeas corpus (D. Mass., Jan. 8, 1980). The repeated failures of counsel to raise the point suggest that it was not thought to be critical.

Hence, so far as the point is one of State law, we adhere to our prior decision. So far as the question is whether, as a matter of Federal constitutional law, the jury instructions on reasonable doubt require a new trial, we defer to the decision of the Court of Appeals in *Grace* v. *Butterworth*, 635 F.2d 1, 6 (1st Cir. 1980). That court reviewed the question at some length, and concluded: "Because we find the jury charge as a whole to have been essentially sound, we do not believe that this explanation [explicit statement of ordinary life analogies] had a sufficiently devastating impact on the trial to amount to a denial of due process." We agree with that conclusion. See *Commonwealth* v. *Smith, ante* 141 (1980).

6. *The new constitutional claim.* What we have said so far leads to the conclusion that our 1978 decision in the present case is distinguishable from our decisions in the *Ferreira* and *Garcia* cases and that the issue is not fairly presented whether we have "proceeded so incoherently and capri-

ciously, and with such lack of even-handedness, as to have violated the equal protection and due process standards of the federal Constitution." See *Grace* v. *Butterworth*, No. 79-1422, Memorandum and Order (1st Cir., July 23, 1980). Since, however, the Court of Appeals is free to take a different view of the questions we have discussed, and even to change its view as to what Federal constitutional law requires, and since it seems to have taken the defendants' claim seriously, we briefly consider the issue that would be presented if it were concluded that in our 1978 decision in the present cases we failed to apply the same rules announced more than a year later in the *Garcia* case. In our view that situation would not present a substantial Federal question, since the rules so announced were not necessary to the decision in the *Garcia* case. Moreover, a State court's misapplication of its own law generally does not raise a constitutional claim cognizable in a Federal habeas corpus proceeding. *Beck* v. *Washington*, 369 U.S. 541, 554-555 (1969).

The order denying the defendants' motion for a new trial is affirmed on rehearing.

*So ordered.*


LIACOS, J. (concurring). I agree with the statement of the court in part 6 of its opinion that in this case "the issue is not fairly presented whether we have 'proceeded so incoherently and capriciously, and with such lack of even-handedness, as to have violated the equal protection and due process standards of the federal Constitution.' See *Grace* v. *Butterworth*, No. 79-1422, Memorandum and Order (1st Cir., July 23, 1980)." *Supra.* Consequently, I join in that part of the court's opinion and, it being dispositive of the petition for reconsideration, concur in the result reached by the court.