Warren A. GIBSON, Petitioner

vs.

Fred BUTTERWORTH as superintendent of MCI Walpole, Larry MEACHUM acting Commissioner of Corrections for the Commonwealth of Massachusetts, Respondents

No. 79-1834-S

United States District Court
Commonwealth of Massachusetts

January 26, 1982

Martin C. Gideonse, counsel for respondents.

## MEMORANDUM AND ORDER

**Skinner, D.J.** In this petition for a writ of habeas corpus, petitioner seeks to challenged the constitutionality of portions of the jury instructions used at his trial. Respondents have filed a motion to dismiss and petitioner has moved for summary judgment. For the reasons which follow, respondents' motion to dismiss is ALLOWED.

Petitioner was convicted of first degree murder on April 17, 1974, following a trial by jury in Norfolk Superior Court. During the trial, petitioner made no objection or exception to the instructions now challenged. Petitioner's conviction was upheld by the Massachusetts Supreme Judicial Court in 368 Mass. 518, 33 N.E.2d 400 (1975). In that appeal, petitioner contested, among other items, the judges instructions on inferences, alleging that they impermissibly shifted the burden of proof. In a petition for a writ of error filed October 24, 1977, petitioner contested the judge's instructions on self-defense, provocation, and excessive force for the first time, alleging that the burden of proof had been unconstitutionally shifted there as well. The Supreme Judicial Court refused to grant the writ of error and reaffirmed petitioner's conviction. **Gibson v. Commonwealth,** Mass., 387 N.E.2d 123 (1979).[1] A petition for a rehearing was denied on April 17, 1979.

Petitioner now seeks to challenge the judge's instructions on self-defense, provocation and excessive force in his petition for a writ of habeas corpus. He alleges that the judge's charge placed the burden of proof on these issues upon him in violation of **Mullaney v. Wilbur,** 421 U.S. 684 (1975), as retroactively applied by **Hankerson v. North Carolina,** 432 U.S. 233 (1977).

Respondents contend that this Court is barred from considering the merits of petitioner's claim unless he demonstrates "cause" and "prejudice" under **Wainwright v. Sykes,** 433 U.S. 72 (1977). They argue that in denying the petition for a writ of error, the Supreme Judicial Court applied its "contemporaneous objection rule" to bar the constitutional challenge. They maintain that the Massachusetts rule is an "independent and adequate state procedural ground" which bars review of the merits. **Wainwright v. Sykes,** 433 U.S. at 86-87.

---

1. Mass. Adv. Sh. 692 (1979).

The Massachusetts contemporaneous objection rule is well established: "under Massachusetts law 'an assignment of error...not based on an exception brings nothing to (the Supreme Judicial Court) for review'." **Commonwealth v. Stokes,** 374 Mass. 583, 374 N.E.2d 87, 92 (1978), **quoting, Commonwealth v. Franks,** 365 Mass. 74, 76, 309 N.E.2d 879 (1974). This rule was known to petitioner's attorney during trial. If properly invoked by the Supreme Judicial Court, it is an independent and adequate state ground sufficient to bar this Court's review under **Wainwright.** See, **Breest v. Perrin,** No. 80-1635, slip op. at 3 n. 1 (1st Cir. July 1, 1981).

In certain situations, however, Massachusetts courts will entertain an appeal in the absence of an objection or exception at trial. Where the trial court's errors present "a substantial risk of a miscarriage of justice", a new trial will be ordered regardless of whether the issue was properly preserved for appeal. **Commonwealth v. Freeman,** 352 Mass. 556, 564, 227 N.E.2d 3, 9 (1967). In capital cases, the Supreme Judicial Court's power to order a new trial in such a situation is codified in M.G.L.c. 278, § 33E.

This power to order a new trial in the absence of an objection or exception is essentially discretionary. **Commonwealth v. Grace,** Mass., 412 N.E.2d 354, 357 (1980).[2] Its application in various cases depends upon a number of different factors, including the procedural posture of the appeal (whether direct or collateral). **Id.**

In this case, the Supreme Judicial Court's opinion denying the application for a writ of error, **Gibson v. Commonwealth,** Mass., 387 N.E.2d 123 (1970), does support a conclusion that the Massachusetts contemporaneous objection rule was applied to bar consideration of petitioner's constitutional claims. The Court stated that:

> Where the case has once been reviewed on direct appeal we are not required by decisions of the Supreme Court to entertain a new challenge on the same subject by way of collateral attack. **See, Hankerson v. North Carolina,** 432 U.S. 233, 244 n. 8 (1977). In these circumstances we look rather to the question whether there is a substantial risk that there has been a miscarriage of justice. **Commonwealth v. Collins,** Mass. 373 N.E.2d 969 (1978).

**Gibson v. Commonwealth,** 357 N.E.2d at 125. The Court's reference to footnote eight of **Hankerson** indicates that it intended to insulate petitioner's conviction from constitutional attack under **Mullaney.**[3] In substance, they held that petitioner's constitutional claims were barred by the contemporaneous objection rule. If that had been the full extent of the Court's consideration, **Wainwright** would clearly apply to petitioner's claim.

But, the Court then did go on to analyze the impact of the challenged instructions in order to determine if "there is a substantial risk that there has been a miscarriage of justice." **Gibson v. Commonwealth,** Mass., 357 N.E.2d at 125. Petitioner argues that this further analysis of the "merits" of his case amounted to a waiver of the contemporaneous objection rule. He maintains that such a waiver entitles this Court to proceed directly to the merits of his constitutional claims.

This argument was recently addressed by the Court of Appeals for this Circuit.

---

2. Mass. Adv. Sh. (1980) 2345.

3. In footnote eight, the Supreme Court said that: (s)tates may be able to insulate past convictions (from the retroactive application of **Mullaney v. Wilbur)** by enforcing the normal and valid rule that failure to object to a jury instruction is a waiver of any claim of error.
**Hankerson v. North Carolina,** 432 U.S. at 244 n.8.

**Zeigler v. Callahan,** No. 80-1015, slip op. at 31 n.11 (1st Cir., Sept. 22, 1981). Petitioner in that case had failed to object to the introduction of a stipulation during trial. On appeal, the Massachusetts Appeals Court had, "(i)n accordance with established precedent,...restricted its review of (petitioner's) claim to a determination of whether admission of the evidence amounted to a 'substantial miscarriage of justice.' ". **Id.** The Court of appeals held that such a review by the Massachusetts Appeals Court had no impact upon the applicability of **Wainwright:**

> We do not regard this limited relaxation of its contemporaneous objection rule as a waiver by the Massachusetts court of the rule sufficient to preclude the application of **Wainwright.**

**Id.** Accordingly, the Court stated that the District Court should have applied **Wainwright** to petitioner's claim. **Id.**

Applying this principle to the case at hand, by reviewing petitioner's case to determine if there was a "substantial risk of a miscarriage of justice," the Supreme Judicial Court did not waive application of the contemporaneous objection rule to petitioner's constitutional claims. Instead, it applied a more limited state standard of review. Therefore, this Court is barred from considering the merits of petitioner's claims unless he can establish both "cause" and "prejudice" under **Wainwright.**[4] **Grace v. Butterworth,** 635 F.2d 1, 5 (1st Cir. 1980).

Petitioner has not attempted to establish any "cause" for his failure to comply with the Massachusetts contemporaneous objection rule. From his brief on the merits, it appears that the most likely argument for "cause" would be that given the state of the law at the time of his trial (pre-**Mullaney**), an objection to the instructions would have been futile. Even if futility could constitute cause for failure to object,[5] petitioner cannot show that it would have fairly been "considered...hopeless to challenge the now-disputed jury instructions at trial." **Breest**

**v. Perrin,** No. 80-1635, slip op. at 6 (1st Cir. July 1, 1981). Petitioner's constitutional challenge is derived from the Due Process analysis in **In re Winship,** 397 U.S. 358 (1970), which was decided well before his trial. While **Winship** did not address placement of the burden of proof on the issue of self-defense, its language was broad enough to suggest application to other areas. **Winship's** wide applicability did not elude petitioner's counsel on direct appeal as he based his challenge to the treatment of inferences contained in the charge upon that case.

---

4. Two other arguments have been advanced against the applicability of **Wainwright** to this case. The first is that the Supreme Judicial Court's refusal to apply the exception to the contemporaneous objection rule established in **Commonwealth v. Stokes,** 374 Mass. 583, 374 N.E.2d at 92, see, **Commonwealth v. Williams,** Mass. 390 N.E.2d 1114 (1979) (contemporaneous objection rule does not apply where "the question is one of the retroactive application of certain constitutional requirements.") was arbitrary and capricious, and therefore no "adequate" state procedural ground has been shown. **See, Breest v. Perrin,** No. 80-1635, slip op. at 3-5 (1st Cir. July 1, 1981). Given the discretionary nature of the review, however, and the fact that petitioner's appeal was collateral, not direct, the Court's refusal to apply the exception cannot be said to be arbitrary. **See, id., Grace v. Butterworth,** 635 F.2d 1 (1st Cir. 1980). Petitioner's second argument is that respondents waived raising the **Wainwright** bar by not arguing the contemporaneous objection rule in the state court and by not alleging **Wainwright** as a defense in their answer to the petition for habeas corpus. Application of the rule was noted by the Supreme Judicial Court, however, and petitioner has had the opportunity to submit a brief addressing the **Wainwright** issue. Given this, I do not think that the issue has been waived by respondents.

5. This question had expressly been left open in this circuit. **See, Breest v. Perrin,** No. 80-1635, slip op. at 8 (1st Cir. July 1, 1981).

Moreover, prior to petitioner's trial, the First Circuit Court of Appeals had twice held that placing the burden of proof on excessive force and reasonable provocation upon the defendant was unconstitutional. **Wilbur v. Mullaney**, 473 F.2d 943 (1st Cir. 1973), **Wilbur v. Mullaney**, 496 F.2d 1303 (1st Cir. 1974). Given the state of law at the time of his trial, objections to the judge's instructions on self-defense, excessive force, and provocation would not have been considered "hopeless".

Nor has petitioner attempted to show actual prejudice. Even if he had attempted to do so, I doubt that he would have been successful given the strong "evidence of guilt presented at trial". **Wainwright v. Sykes,** 433 U.S. at 91.

Since petitioner has not attempted to establish "cause" and "prejudice" for his failure to object to the challenged instructions at trial, I am barred from considering the merits of his claim. **Id.**

Accordingly, respondents' motion to dismiss is ALLOWED.

**Walter Jay Skinner**
**United States District Judge**