**Warren A. GIBSON, Petitioner, Appellant,**

v.

**Fred BUTTERWORTH, etc., et al., Respondents, Appellees.**

No. 82–1263.

United States Court of Appeals, First Circuit.

Argued Sept. 16, 1982.

Decided Nov. 19, 1982.

Martin C. Gideonse, Cambridge, Mass., by appointment of the Court, for petitioner, appellant.

Linda G. Katz, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Boston, Mass., Stephen R. Delinsky, Asst. Atty. Gen., Chief, Crim. Bureau, Needham, Mass., and Barbara A.H. Smith, Asst. Atty. Gen., Chief, Crim. Appellate Div., Norwell, Mass., were on brief, for respondents, appellees.

Before COFFIN, Chief Judge, DAVIS * and BOWNES, Circuit Judges.

---

* Of the Federal Circuit, sitting by designation.

COFFIN, Chief Judge.

Petitioner appeals from an order of the U.S. District Court for the District of Massachusetts dismissing his petition for a writ of habeas corpus for failure to show "cause" for a procedural default. The principal issue on this appeal is whether the state court denied petitioner's federal constitutional challenge to certain jury instructions on adequate and independent state procedural grounds, as the district court found, or on the merits. Petitioner claims that by examining whether a substantial risk of a miscarriage of justice was present, the Massachusetts Supreme Judicial Court in effect forgave his procedural default and decided his federal claim. We disagree, and affirm. 542 F.Supp. 6.

I

Petitioner was convicted of first degree murder on April 17, 1974, and was sentenced to life imprisonment. His testimony raised issues of self-defense and provocation, and the trial judge gave instructions accordingly. Petitioner here claims that the instructions unconstitutionally shifted to him the burden of proving self-defense and provocation and disproving excessive force, contrary to the Supreme Court's decisions in *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) and *Hankerson v. North Carolina,* 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977). In particular, petitioner objects to the trial court's admonition to the jury to "[r]emember that these considerations [self-defense and provocation] will arise only upon your acceptance of the defendant's version of what actually happened."

As petitioner himself concedes, however, he did not object to these instructions either at trial or on direct appeal, but raised the issue for the first time on state collateral attack in the Supreme Judicial Court. Since he offered no "cause" for this procedural default, the district court found that federal habeas consideration of his constitutional claim was barred under *Wainwright*

*v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).[1] Petitioner argues here that the Supreme Judicial Court does not require contemporaneous objection to preserve a *Mullaney* claim, and that the Supreme Judicial Court decided his case "solely and squarely" on the merits. For this reason, he contends, *Wainwright* is inapplicable and "cause" need not be shown. We disagree.

Ordinarily, Massachusetts requires that jury instructions be challenged at trial. Notwithstanding this rule, Massachusetts courts may examine the merits of a case to determine whether a substantial risk of a miscarriage of justice is present, even though timely objection was not made. *See* Mass.R.Crim.P. 22 & Reporter's Notes (West 1980). We have previously characterized such review as at most a "limited relaxation" of the state's contemporaneous objection rule, insufficient to preclude the application of *Wainwright. Zeigler v. Callahan,* 659 F.2d 254, 271 n. 11 (1st Cir.1981). We adhere to that view today.

In asking whether the Supreme Judicial Court looked to the merits of the case in denying his petition for writ of error, petitioner asks and answers the wrong question. Undoubtedly the Supreme Judicial Court, *Gibson v. Commonwealth,* 377 Mass. 539, 387 N.E.2d 123, did examine the merits of the jury instructions, 377 Mass. at 542, 387 N.E.2d at 125–26, even concluding that although one instruction may have been erroneous, any error was harmless beyond a reasonable doubt. 377 Mass. at 542, 387 N.E.2d at 126. Ultimately, however, this examination of the merits went not to the *federal* question of the instructions' constitutional sufficiency, but to the *state* law question of whether a "substantial risk of a miscarriage of justice" was present. While petitioner's failure to challenge the relevant instructions sooner did not preclude review of the *latter* question, the court expressly declined to address the *federal* question, and it did so on state procedural grounds:

---

1. In absence of a showing of cause, we need not address the question of prejudice, since

*Wainwright* requires that both be shown.

"Where the case has been once reviewed on direct appeal, and particularly where experienced counsel has unsuccessfully presented a challenge to the charge to the jury on burden of proof, *we are not required by decisions of the Supreme Court to entertain a new challenge on the same subject by way of collateral attack. See Hankerson v. North Carolina,* 432 U.S. 233, 244 n. 8, 97 S.Ct. 2339 [2345 n. 8], 53 L.Ed.2d 306 (1977). *In these circumstances, we look rather to the question whether there is a substantial risk that there has been a miscarriage of justice.*" *Gibson v. Commonwealth,* 377 Mass. 539, 541, 387 N.E.2d 123, 125 (1979) (emphasis added).

*Accord, Connolly v. Commonwealth,* 377 Mass. 527, 531–32, 387 N.E.2d 519, 523 n. 9 (1978) (court must reach the merits of claim "to ensure that there has been no substantial miscarriage of justice"). *See also Commonwealth v. Freeman,* 352 Mass. 556, 563–64, 227 N.E.2d 3, 9 (1967).

That the federal and state inquiries are distinct is evident from the factors relevant to their resolution.[2] In deciding the federal question, a court determines only "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). In deciding the state question, the Supreme Judicial Court examines not only the instructions, but also other factors, including "the prior opportunities of defense counsel to make the challenge on appeal and in postconviction proceedings",[3] *Commonwealth v. Grace,* 381 Mass. 753, ——, 412 N.E.2d 354, 357 (1980). This last factor is irrelevant to the merits of the federal question, but was decisive here, for in denying the petition for writ of error, the Supreme Judicial Court stated that it might have ordered a new trial if the issue had been presented on direct appeal. 377 Mass. at 542, 387 N.E.2d at 126. The implication is unmistakable: not only did petitioner's default foreclose consideration of his federal claim; it defeated any entitlement to relief under state law as well. In this context, the court's conclusion that any error was "harmless" should be read to mean only that, as a matter of *state* law, the case did not pose a substantial risk of a miscarriage of justice. A more explicit reliance on state law might have been desirable, but is unnecessary here to insulate petitioner's constitutional claim from federal collateral attack.

II

Petitioner finally claims that the Supreme Judicial Court has failed to give adequate retroactive effect to *Mullaney,* as required by *Hankerson v. North Carolina, supra.* This argument is without merit. Although *Hankerson* held *Mullaney* fully retroactive, the Supreme Court expressly noted that states could refuse to consider retroactive *Mullaney* challenges where, as here, they are inadequately preserved under

2. The state suggests that the substantial-risk determination is analogous to the determination of cause and prejudice under *Wainwright.* To the extent the state means that the substantial-risk question is distinct from the underlying federal claim, we agree. To the extent it implies that the Supreme Judicial Court's determination was equivalent to a finding of no cause and prejudice, binding on the district court, we disagree. The determination of cause and prejudice is a federal question for the district court to decide independently of any analogous resolution by the state courts. Moreover, the two determinations are not identical. *See, e.g., Commonwealth v. Grace,* 381 Mass. 753, ——, 412 N.E.2d 354, 357 (1980) ("grave" prejudice required).

3. Other factors include the "weight of the evidence, the seriousness of the deficiencies in the instructions taken as whole, the extent to which the defects had been disclosed in opinions of [the Supreme Judicial Court] or of the Supreme Court before the instructions were given", and the Supreme Judicial Court's special duties in "capital" cases. *Commonwealth v. Grace,* 381 Mass. 753, ——, 412 N.E.2d 354, 357 (1980). While the first two factors are similar to the relevant federal considerations, they are in the end questions of state law, as is the ultimate question of the substantiality of the risk of injustice. Moreover, unlike the federal constitutional question, the Supreme Judicial Court has said the state standard is "essentially discretionary". *Id.* at ——, 412 N.E.2d at 357.

state contemporaneous objection rules. 432 U.S. at 244 n. 8, 97 S.Ct. at 2345 n. 8. Since the Supreme Judicial Court was not required to consider petitioner's claim at all, we see no reason why it could not restrict its consideration of the merits to the state question of the substantiality of the risk of injustice. This is not a case where a state has arbitrarily or manipulatively raised a novel procedural bar to frustrate the assertion of a federal claim. *See Breest v. Perrin*, 655 F.2d 1, 3 (1st Cir.1981). If anything, the Supreme Judicial Court has been more hospitable to *Mullaney* claims than the Supreme Court requires. *See Commonwealth v. Stokes*, 374 Mass. 583, 588–90, 374 N.E.2d 87, 92 (1979) (declining the "escape route" of *Hankerson* footnote 8 and holding that no request or exception at trial is required to preserve full direct review of *Mullaney* claims in cases tried before *Mullaney* was decided).

*For the foregoing reasons, the judgment of the district court is affirmed.*