COMMONWEALTH *vs.* JOHN J. KELLEHER, JR. November 5, 1984. *Practice, Criminal,* Instructions to jury, Appeal.

After a jury trial in the Superior Court the defendant was convicted of armed robbery (two counts), rape (two counts), and armed burglary. On appeal from the denial of his amended motion for a new trial, the defendant claims that the trial judge's instructions were constitutionally inadequate because he improperly analogized proof beyond a reasonable doubt to the degree of proof that the jurors would want when they made important decisions in their own lives, and gave specific examples. See *Commonwealth* v. *Ferreira,* 373 Mass. 116, 128-130 (1977). The argument continues that "these examples understated and tended to trivialize the awesome duty of the jury to determine whether the defendant's guilt was proved beyond a reasonable doubt . . . and detracted both from the seriousness of the decision and the Commonwealth's burden of proof." *Id.* at 129.

1. The defendant's case was tried before the decision in *Commonwealth* v. *Bumpus,* 362 Mass. 672 (1972), judgment vacated and remanded on other grounds, 411 U.S. 945 (1973), aff'd on rehearing, 365 Mass. 66 (1974), on petition for writ of habeas corpus, *Bumpus* v. *Gunter,* 452 F. Supp. 1060 (D. Mass. 1978), denial of writ aff'd, 635 F.2d 907 (1st Cir. 1980), cert. denied, 450 U.S. 1003 (1981). Because no appeal was taken from the convictions, his amended motion for a new trial was the first occasion on which he raised the issue that the judge's instructions explaining the meaning of proof beyond a reasonable doubt trivialized that standard because they improperly referred to examples of decisions in the jurors' own lives. Contrast *Commonwealth* v. *Grace,* 381 Mass. 753 (1980) (case tried after *Bumpus* decision), with *Commonwealth* v. *Rembiszewski,* 391 Mass. 123, 126-128 (1984) (where defendant did not have a "genuine opportunity" to raise a constitutional issue at trial or on direct appeal because the law had not sufficiently developed on this issue, he was entitled to "review in the regular course"). As the judge who heard the motion "consider[ed], in the context of a motion for a new trial, issues previously lost for appeal, those issues are resurrected and preserved for appellate review as if brought on direct appeal." *Commonwealth* v. *Buckley,* 17 Mass. App. Ct. 373, 374 (1984).

The instant instructions on the standard of proof are practically indistinguishable from those found wanting in *Commonwealth* v. *Rembiszewski, supra* at 133-134, except that there was even less reliance here upon the

favored language of *Commonwealth* v. *Webster,* 5 Cush. 295, 320 (1850).[1] Here, as in *Rembiszewski,* "[t]he meaning of 'moral certainty' . . . was qualified by the examples given." *Id.* at 132. In addition, we think the judge's instructions were infected with constitutional error because "[t]he jury's knowledge of which party had the burden did not inform them with respect to the extent of that burden." *Id.* at 133. Contrast *Commonwealth* v. *Gonzales, ante* 979 (1984), wherein we concluded that the instructions there given were "practically identical with those found acceptable in *Commonwealth* v. *Smith,* 381 Mass. 141, 143-146 & n.1 (1980)." *Id.* at 980.

Where the only evidence against the defendant, who provided an alibi, was eyewitness identification, we cannot say that the error was harmless beyond a reasonable doubt. "[T]he reasonable doubt standard is most crucial in cases where central facts (such as identity . . .) are at issue, and credibility plays a key role." *Commonwealth* v. *Garcia,* 379 Mass. 422, 441 (1980).

2. We need not consider the defendant's second claim of error, as it is unlikely to arise on retrial. The order denying the amended motion for a new trial is reversed, the judgments are reversed, and the verdicts are set aside.

*So ordered.*

*Brownlow M. Speer* for the defendant.

*Joseph P. Musacchio,* Assistant District Attorney, for the Commonwealth.

---

[1] We are mindful of the language in *Rembiszewski* (at 133) suggesting that some of the court's holdings in this area may appear to be inconsistent and perhaps cannot be reconciled. Deciding as we do that the instant case is on "all-fours" with *Rembiszewski,* we have no occasion to distinguish *Rembiszewski* and *Commonwealth* v. *Garcia,* 379 Mass. 422, 440-441 (1980), from *Commonwealth* v. *Smith,* 381 Mass. 141, 146 (1980), and certain other post-*Ferreira* cases.