COMMONWEALTH *vs.* BRIAN MCKAY. January 27, 1987. *Practice, Criminal,* Access to witnesses, Sentence.

According to the uncontradicted evidence in this case, on March 31, 1984, the defendant, while a prisoner at M.C.I., Walpole (now Cedar Junction), employed a homemade knife to stab a correctional officer in the back fourteen times and then kicked him in the face after he was down. The incident led to indictments of the defendant for assault while armed with a dangerous weapon and with intent to murder (G. L. c. 265, § 18[*b*]), assault and battery by means of a dangerous weapon (two indictments) (G. L. c. 265, § 15A[*b*]), and assault and battery on a correctional officer (G. L. c. 127, § 38B). A jury acquitted the defendant on the indictment for assault with intent to murder but convicted him on the other indictments.[1] 1. The

---

[1] A companion indictment for carrying a dangerous weapon (G. L. c. 269, § 10[*b*]) was not tried and was placed on file without a change of plea.

defendant complains first of successive orders by a motion judge and the trial judge which denied the defendant's motion that the prosecution be ordered to disclose the identities of two fellow prisoners in the same cell block who had informed against the defendant and whose statements to the prison authorities had been recorded in memoranda of which copies had been supplied to the defendant. The defendant had been given the names of all the other prisoners in the cell block and, as was conceded by his counsel at the argument before us, the prosecution did nothing to prevent counsel from attempting to interview any of the other prisoners. Counsel was either unable or unwilling to articulate for either judge what evidence he hoped or expected to obtain from either informant in addition to what appeared from the aforementioned memoranda. See *United States* v. *Estrella,* 567 F.2d 1151, 1153 (1st Cir. 1977). Neither informant had participated in the assaults, and neither testified at trial. There was nothing in the memoranda which contradicted any witness in any significant respect. The cell block in question is in the maximum security end of the prison and is regarded, in prison circles, as the last stop on the way to the departmental segregation unit, better known as Block 10 (to which the defendant was relegated after the assaults). One of the defendant's fellow prisoners, whom he called as a witness, advised the jury that he was serving a "natural life sentence." Another prisoner, with whom the defendant was seen conversing shortly before the assaults, was serving a life sentence for first degree murder.[2] An experienced prosecutor advised the motion judge in no uncertain terms of the risks involved in disclosing the identities of the informers (e.g., "[w]e will have [two] dead bodies"). The motion judge had formerly served as a prosecutor in Norfolk County and was in a position to evaluate the risks for himself. We perceive no abuse of discretion on the part of either judge in refusing to disclose the identities of the informers. Compare *United States* v. *Garcia,* 625 F.2d 162, 165-166 (7th Cir.), cert. denied, 449 U.S. 923 (1980); *Association for Reduction of Violence* v. *Hall,* 734 F.2d 63, 66-67 (1st Cir. 1984). See generally *Commonwealth* v. *McGrath,* 364 Mass. 243, 250-252 (1973); *Commonwealth* v. *Swenson,* 368 Mass. 268, 276-278 (1975). Contrast *Commonwealth* v. *Johnson,* 365 Mass. 534, 540-541, 544, 546 (1974). 2. The defendant complains next of the trial judge's refusal (a) to issue writs of habeas corpus ad testificandum for some nineteen prisoners and (b) to allow the defendant to testify to a number of antecedent incidents between the defendant and the correctional officer which defense counsel regarded as provocation for the assaults. We do not consider either contention because it is clear from the trial transcript, and it was conceded by counsel at the argument, that the desired evidence had no relevance except in connection with the indictment for assault with intent

---

[2] His case has been before the Supreme Judicial Court on four separate occasions. See 370 Mass. 746 (1976); 376 Mass. 499 (1978); 381 Mass. 753 (1980); 397 Mass. 303 (1986).

to murder, on which the defendant was acquitted. 3. The defendant advances three contentions with respect to the sentencing procedure. (a) He contends first that the courtroom was "packed" with officials and employees of the Department of Correction. The record fails to support any such contention. (b) The defendant contends that he is entitled to be resentenced because the judge "skimmed" an open letter from approximately 160 correctional officers expressing their outrage at the acquittal on the indictment for assault with intent to murder and asking for "simple justice." When the defendant objected, the judge said: "[The letter] will have absolutely nothing to do with my decision." The record discloses no reason for not taking the judge at his word. (c) The judge allowed the defendant's brother and a lay volunteer associated with a prison ministry to address the court on the defendant's background and character but refused to "allow either witness to testify or to give any information regarding the defendant's complaints as to this particular officer prior to the incident," adding, "I have heard all that. I am not going to hear it again." The judge's reference was to representations which both counsel had made to him in the course of a pretrial hearing on a motion in limine, to representations which defense counsel had made in the course of several colloquies which occurred during the trial, and to the testimony of various witnesses at trial, all to the general effect that prior to the assaults the defendant and the correctional officer had each threatened to have the other killed and that they had been prone to exchange obscene insults. If defense counsel had any other information which he really thought should be brought to the attention of the judge on the question of "mitigation" (Mass.R.Crim.P. 28[b], 378 Mass. 898 [1979]), he should have told the judge what it was. "[C]ounsel did not argue to the judge that there were any [other] mitigating circumstances which should have been brought to his attention before he imposed sentence." *Commonwealth* v. *Curry,* 6 Mass. App. Ct. 928, 929 (1978). 4. The judgments on indictments nos. 81110, 81111 and 81833 are affirmed.

*So ordered.*

*Bernard Grossberg* for the defendant.
*Stephanie Martin Glennon,* Assistant District Attorney, for the Commonwealth.